## ESTATE OF BERRYHILL.

1. **Executor:** ACCOUNTING: EXTENT OF LIABILITY. An executor is liable
   to account, in his capacity as executor, for such money and property
   only as has come into his hands as executor. If, therefore, as is alleged
   in this case, the executor, before the death of decedent, and while the
   estate was in charge of a guardian, by undue influence upon the guar-
   dian, and other devices, procured for his own benefit an undue portion
   of the estate, such matters cannot be heard as objections to the discharge
   of the executor on his final report.

*Appeal from Scott Circuit Court.*

THURSDAY, JUNE 14.

PETITION of Carrie B. Dodge, appellant, for accounting by.
executor, and objection to his discharge on final report.

The petition is as follows:

"Now comes Carrie B. Dodge, one of the children and
legatees of J. H. Berryhill, deceased, and shows the court
reasons for this, her petition, as follows:

"About January 21, 1878, Caroline Berryhill, the widow
of decedent, was appointed temporary guardian of said John
H. Berryhill, then alleged to be of unsound mind. There-
after, to-wit, April 4, 1879, said J. H. Berryhill having been
legally adjudged of unsound mind, she was appointed his
permanent guardian, and qualified and continued to act as
such guardian until the time of his death, to-wit, March 4,
1880, and thereafter managed his estate, in fact, until the
appointment of Charles J. Berryhill as executor of said dece-
dent's will, to-wit, May 3, 1880.

"That during the greater part of said time to-wit, from
said January 21, 1878, until May 3, 1880, said Charles J.
Berryhill attended to all the business for said Caroline Berry-
hill, guardian as aforesaid, kept the books and accounts, and
received and disbursed the moneys of the estate; and, though

of full age, and abundantly able to support himself, he supplied himself with and helped himself to moneys belonging to the estate, and either through deception or by the use of undue influence over his mother, the guardian aforesaid, procured to be charged in her accounts as part of the family expenses, and in a claim filed by her and allowed against decedent's estate, such moneys, so taken by him, and such items of his own personal expense as he desired. And while he dealt out with a sparing hand to his brother and sisters the means necessary for their proper support, he humored his own extravagant tastes at the expense of the estate. Petitioner has no means of ascertaining accurately the extent to which said Charles J. Berryhill has thus pillaged the estate, but on information and belief, and upon such evidence as she has been able to obtain, she avers and charges that he has thus purchased and obtained

His law library, or the greater part thereof, at an expense of not less than.........................$500

Office furniture, tobacco, clothing, feed for his team, boat club and Masonic lodge expenses, etc. etc., at a cost of about................................... 200

And a mare which he purchased of T. E. Ingham for.. 250

"And plaintiff believes and avers that a true statement and accounting would show him indebted to said estate in a much larger sum. That by said wrongful and fraudulent acts of said Charles J. Berryhill, prior to his appointment as executor, he has obtained a much greater share of said estate than he ought to receive, and he ought to be compelled to account to said estate for all or the greater part of the sums so expended for his benefit from the funds of the estate.

"Petitioner shows and charges that the accounts of said guardian filed in this court, and which were prepared by said Charles J. Berryhill, or from accounts kept by him, do not show how much was expended for his benefit and charged in "family expenses," but she alleges that much more was so spent and charged for his benefit than for any other of the

children, and in fraud of their rights; that she believes said Charles J. Berryhill has, or can procure, the original books and accounts kept by him, and which will fully show said transactions; and she asks that he be required to fully answer this petition, and render such account and discovery as will enable the court to fully determine what sums he has so received, or that have been expended for him.

"Petitioner further shows and charges that said Charles J. Berryhill procured to be allowed to said Caroline J. Berryhill, guardian, as compensation for her services in that capacity, the sum of $2,000, which sum he received and retained himself; that the estate was in good condition, and its assets in the shape mainly of mortgage securities, stocks and bonds, and requiring no extraordinary skill or labor in its management, except such work as was performed by attorneys and others, whose services were paid for by the estate.

"That the said sum of $2,000 so allowed to said guardian (but received as aforesaid by said Charles J. Berryhill), and also the sum of $2,000, claimed by him in his final report as executor for compensation, is in excess of the compensation fixed by law, and in excess of the value of his services to the estate; and petitioner asks that in the final settlement of the estate, and before his discharge as executor, he be charged with such sum as he received from the guardian in excess of the value of his services to the estate, and with such sums wrongfully received by him or expended for him, charged as "family expenses" in said guardian's report, or in the claim of Caroline Berryhill against this estate; and that he be allowed only such compensation, as executor, as the law provides."

To the foregoing petition the following demurrer was filed by Charles J. Berryhill, executor:

"*First*.—Said matter stated in said petition, as to which a discovery and accounting is asked, relate solely to Mrs. Caroline Berryhill, as guardian of the estate of said J. H. Berryhill, and should be investigated and settled in the matter of said guardianship.

"*Second.*—* * * * * *.

"*Third.*—If the order of this court is to stand, that $2,000 be allowed to said guardian for her services, * * then it is wholly immaterial as to what disposition she made of said money * * *. If said order is to be in any way modified, then it should be done in the matter of said guardianship, and not in the matter of said executorship.

"*Fourth.*—That there is a defect of parties defendant in this, that Mrs. Caroline J. Berryhill, as guardian of J. H. Berryhill, should be made a party defendant in this matter."

The demurrer was sustained, and, the appellant refusing to plead further, the petition was dismissed, and Carrie B. Dodge appeals.

*E. E. Cook* and *E. F. Richman*, for appellant.

*Bills & Block*, for appellee.

SEEVERS, J.—We do not understand that the question of the amount of compensation to be allowed the executor for his services as such is presented by counsel. On the contrary, the sole question to be determined relates to matters which occurred during the time Mrs. Berryhill was guardian; the claim being that, during such time, the appellee, through deception, or by the use of undue influence, procured to be charged in the accounts of the guardian, and allowed against the estate, certain expenditures which were personal expenses of the appellee, and that the same should not have been allowed as credits to the guardian. The question presented by the demurrer and argued by counsel is, whether the matters stated in the petition can be determined in this proceeding. The appellee is the executor of the estate of J. H. Berryhill, and, as such, presented to the court his final report, and asked to be discharged. To such discharge the appellant objects, not because his accounts, as executor, are not correct, but, because, during the time Mrs. Berryhill was guardian of J. H. Berryhill, the appellee procured said guardian to

wrongfully credit herself with certain moneys, which were received and expended by the appellee for his personal benefit.

While it does not certainly appear on the face of the petition that the guardian has made her final report and been discharged, such fact we understand to be conceded by counsel for the appellant, and the arguments have been made on that basis. This being so, the proper time to object to the report was before it was confirmed by the court and the charges therein made and allowed against the estate. Possibly the guardian's report may, after the confirmation, be attacked and set aside, or the confirmation modified in a direct proceeding; but no such relief is asked. So far as the guardian, then, is concerned, the confirmation of the report must be regarded as an adjudication binding on the parties. *Patterson v. Bell*, 25 Iowa, 149; *Cowins v. Tool*, 36 Id., 82; *Kows v. Mowery*, 57 Id., 20. But it is said, as the appellee procured the guardian to credit herself and charge the estate with certain moneys which he appropriated to his own use and benefit, he must account therefor in this proceeding. The question is not before us whether the appellee is individually responsible, but whether he is liable as executor. In the latter capacity, he is only liable for the property which came into his hands as such, and he cannot be compelled to account for any more. The presumption should be indulged that the appellee, like other executors, gave a bond with sureties for the faithful performance of his trust. Now, clearly, the sureties on his bond as executor could not be held liable for the acts of the appellee during the time Mrs. Berryhill was guardian. If the appellant has a cause of action against the appellee, it is in his individual capacity, and must be so enforced. She has no claim against him as executor, and yet she seeks to make him account in that capacity. This, we think, she cannot do.

AFFIRMED.