C. H. MARTIN, Appellant, v. R. H. BROWN.

Writing: Variance by Parol: When Permitted. A party agrees, in writing, to deliver a described horse *owned* by him and then kept in a certain pasture. There are two horses in that pasture, substantially, answering the description in the writing, one of which horses does not belong to him. He points out and delivers the wrong horse. He claims that he was not well acquainted with his horse, and, on delivery, did not pretend to identify him, positively. The other party contends that the identification *was* positive. *Held.* This conflict should have been sent to the jury. Testimony that a certain horse was pointed out as the one to be delivered, under a writing, is admissible, though the writing, in a manner, describes the animal which is to be sold.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, OCTOBER 4, 1894.

ACTION at law to recover damages for the failure to deliver a team of horses. A verdict was returned in favor of defendant by direction of the district court, and from the judgment rendered on the verdict, the plaintiff appeals.—*Reversed.*

*Swan, Lawrence & Swan* for appellant.

*W. H. Farnsworth* and *R. H. Brown* for appellee.

ROBINSON, J.—In June, 1891, the plaintiff was engaged in the business of selling pianos in Sioux City. The defendant was the owner of a team of horses which were then in pasture a few miles from the city, and proposed to trade them to plaintiff in part payment for a piano. D. W. Martin, an agent of the plaintiff, went with the defendant to the pasture where the

horses were kept, and looked at two horses which the defendant thought were the ones he owned, and thereafter an agreement in writing was entered into, of which the following is a copy: "Memorandum: This agreement witnesseth that C. H. Martin has agreed to exchange his No. 9,245 piano, and cover on it, to and with R. H. Brown, for one span of colts, one mare and gelding, I own, now in pasture two miles east of Leeds, Iowa, and for thirty-seven and 50–100 dollars difference. The properties to be conveyed by bills of sale free and clear of all incumbrance. The piano to be tuned to the satisfaction of R. H. Brown, at expense of said Martin, before the properties be exchanged. The possession of the piano to be delivered to R. H. Brown at such point in Sioux City as may be designated. The possession of the colts to be delivered to said Martin at the pasture where they now are, the said R. H. Brown agreeing to see that no charge is made against said Martin for pasturage prior to July 1st, 1891. The said Martin to furnish Brown with an eight-year guarantee to said piano, as to material and workmanship. C. H. Martin, per D. W. Martin. R. H. Brown." The piano was delivered to defendant, and he paid to plaintiff the sum of thirty-seven dollars and fifty cents, required by the agreement, and delivered to him a bill of sale of the horses, in which they were described as follows: "One span of iron gray colts, one a mare ——— years old, and the other a gelding ——— years old; said colts being now in pasture on Frye farm, two miles east of Leeds, Iowa." The plaintiff afterward attempted to take possession of the horses he had examined with defendant, and then learned that one of the horses so examined had not been owned by the defendant, but that he owned another, which had not been inspected. The defendant claims that he had owned the horses which he intended to trade to the plaintiff but a short time, and

had seen them but once, about three months before the transaction in question; that he was not able to identify them, and arranged to have one Hardy, the man of whom he purchased them, go to the pasture with D. W. Martin and himself, and identify the horses; that they were delayed in going, and for that reason failed to meet Hardy, and went to the pasture without him; that the pasture contained two teams of gray horses, which were similar in general appearance; and that he pointed out the horses which he believed he owned, but did not identify them positively. D. W. Martin admits that defendant proposed to have Hardy accompany them to identify the horses, but claims that the defendant positively identified the two which were examined as the ones he owned. It is admitted that one of the two was not owned by the defendant. When that was ascertained, the plaintiff refused to accept the horses which the defendant had in fact owned. The defendant tendered to the plaintiff the piano, and demanded that the money he had paid be returned. The tender and demand were refused, and this action is brought to recover damages alleged to have been caused by the failure of defendant to deliver the horses he had sold.

The appellee contends that parol evidence to show that the two horses examined in the pasture, before the agreement in question was made, were the ones to which the agreement was to apply is inadmissible, as tending to vary the terms of a valid written contemporaneous instrument, while it is insisted by appellee that such evidence was competent to identify the horses to which the instrument referred. At the time the instrument was made, the description, "one span of colts, one mare and gelding, I own, now in pasture east of Leeds, Iowa," applied to either of two teams of horses, and the only words used in the agreement which tried to distinguish the one referred to from the other are, "I

own." That these are words of description is true. They do not of themselves designate and identify the property intended to be conveyed, however, but must be aided by extrinsic evidence. If the claims of plaintiff be correct, that was supplied when defendant pointed out two horses, and said they were his, and the ones he wished to exchange for the piano, and the agreement entered into had special reference to those horses. That agreement said in effect that the horses pointed out were owned by the defendant, but that was not the fact.

There is a sense in which proof of the fact tended to contradict the written agreement, but that is true whenever parol evidence is offered to show the breach of a covenant of title in a written instrument of conveyance, or the failure of a recited consideration. Such proof is not within the rule which the defendant seeks to invoke. Had there been no attempt to identify the horses excepting by the language of the agreement, and the defendant had owned but two, an entirely different case would have been presented, and proof identifying the horses he owned would have been conclusive. The parties differed in regard to what was said when the horses were examined. If the claim of plaintiff is well founded, the agreement in controversy should be treated as partly in writing and partly verbal, and it was his right to show the entire agreement by the writing and by oral evidence. *Jackson v. Mott,* 76 Iowa, 267, 41 N. W. Rep. 12. If the facts are as insisted by the defendant, he did not state definitely that the horses examined belonged to him; but the plaintiff assumed the risk of a mistake in that respect, and the writing embodies the entire agreement. We are of the opinion that the question in dispute should have been submitted to the jury, and that the district court erred in directing a verdict for the defendant. The judgment of the district court is REVERSED.