A. MARGARET PACKER, Appellee, v. ROY OVERTON, Administra-
tor, Appellant.

**APPEAL AND ERROR:** Who May Appeal—Executors. An executor
1 or administrator may very properly maintain an appeal from an
order for the payment of legacies, such order directly affecting
residuary legatees.

**EXECUTORS AND ADMINISTRATORS:** Actions—Enforcement of
2 Legacy—Laches. The fact that a legatee deferred the enforcement
of the legacy pending the outcome of pending litigation over other
identical claims, is material on the issue of laches.

**EXECUTORS AND ADMINISTRATORS:** Claims — Legacy Not
3 "Claim." A legacy is not a "claim," within the purview of the
statute of administration.

**LIMITATION OF ACTIONS:** When Action Accrues—Legacies. A
4 legacy is a continuing obligation on the part of the estate, and
remains so until final settlement, or until an order for payment is
entered; and prior to such time, the statute of limitation does not
run.

**EXECUTORS AND ADMINISTRATORS:** Legacies—Nonpayment—
5 **Application for Order—Method of Trial.** An application for an order for the payment of a legacy is triable by the court, and not by a jury.

Headnote 1: 3 C. J. p. 645; 24 C. J. p. 535. Headnote 2: 24 C. J. p. 509 (Anno.) Headnote 3: 24 C. J. p. 324. Headnote 4: 24 C. J. p. 509. Headnote 5: 24 C. J. p. 519.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

APRIL 7, 1925.

REHEARING DENIED OCTOBER 2, 1925.

APPLICATION on behalf of certain heirs of Mary E. McChord and Avey L. Powell, legatees under the will of Elias Overton, for an order of distribution of two legacies of $1,000 each, bequeathed to Mary E. McChord and Avey L. Powell under said will, and to require the administrator with the will annexed "to sell such of the real estate as is necessary to pay said legacies, with interest." Cause tried to the court, resulting in an order and decree granting the prayer of the application, and directing the administrator to pay into the office of the clerk of the district court at Fort Madison, Iowa, the sum of $2,740, with interest at 6 per cent from September 6, 1923, for distribution among the heirs of Mary E. McChord, and a like sum to be paid to said clerk for distribution among the heirs of Avey L. Powell, and that said amounts constitute a lien on a described 640 acres of Lee County, Iowa, land owned by Elias Overton at the time of his death. From the decree entered, the administrator appeals.—*Affirmed.*

*McCoid & McCoid* and *E. H. Pollard,* for appellant.

*John P. Hornish,* for appellee.

DE GRAFF, J.—Appellees, as heirs of certain legatees under the will of Elias Overton, pray for an order of distribution of legacies, and seek to have impressed a lien for the amounts due, on certain real estate of which the testator died seized. The

defendant-appellant is the administrator with the will annexed.

A preliminary question, not involving the merits of this case, is presented on motion of appellees to dismiss the appeal, which, in logical sequence of the propositions submitted, should be first determined. The motion is predicated on the ground that the administrator has no right to prosecute this appeal. We cannot agree with this contention. It is the duty of an executor or administrator to carry into effect the provisions of the will; and if, perchance, an erroneous order is made or an improper judgment entered with respect to the administration of the estate, it is his right to have the matter reviewed. *In re Estate of Bagger,* 78 Iowa 171. An executor or administrator acts in a representative capacity. By fiction of identity he is the person of the testator, and it is to him that all interested parties must look. He is charged with the duty of resisting unfounded claims, and to see to it that there is no improper diversion of funds or property in his hands. *Briggs v. Walker,* 171 U. S. 466 (43 L. Ed. 243). He represents all parties and all interests in the estate. *Leighton v. Leighton,* 193 Iowa 1299. For this reason he was made the party defendant in the instant case, and he is the only party who could appeal and preserve rights, if any, adversely affected by the judgment. The residuary legatee under the will of Elias Overton was affected, in a pecuniary sense, by the decree entered; and it was the privilege and right of the administrator to question on appeal the correctness of the decision made. The motion of appellee to dismiss is overruled.

1. APPEAL AND
ERROR: who may
appeal: executors.

We now pass to the merits of the case. Numerous defenses were pleaded by the administrator in his answer, which matters were embodied, in the first instance, in a demurrer to the application, which was overruled by the court. Among the defenses pleaded are: (1) statute of limitations; (2) laches; (3) presumption of payment by lapse of time; (4) abatement by reason of prior pending action involving the same subject-matter; (5) ademption.

The record discloses that the testator died March 29, 1893, and that his will was admitted to probate September 6, 1893, and the executor qualified. The provisions material to our inquiry read as follows:

"I desire the following disposition to be made of my property, both real and personal: To each of my three daughters, i. e., Mary E. McChord, Avey L. Powell, and Sarah A. Powell, I give the sum of $1,000. The residue of my property, both personal and real, which may be left after the payment of my debts, I give in trust to my wife, Eliza Overton. At her death whatever may remain after paying funeral expenses and the expense of her last sickness, to my son John T. Overton. Further, it is my will that my son, John T. Overton, be appointed my executor, and that as such he be relieved from giving bond."

It is thus seen that by the terms of the will a trust was created during the life of the testator's wife, and upon her death "whatever remained" passed to the remainderman, who happened to be the executor named in the will of Elias Overton. The wife, Eliza, joined with her husband in this will, and released her right of dower to the property given her in trust. She died in January, 1915. The original application for order of distribution was filed March 22, 1916; and the instant application, which may be considered as supplementary to the former, was filed February 24, 1923. The executor died in December, 1920, and thereafter the present administrator was appointed. It may be further observed that the probate record of Lee County, Iowa, discloses that the executor filed no inventory or list of heirs, filed no proof that he posted notice of his appointment, made no report to the court of his doings in the premises, made no distribution of the assets of the estate, filed no application for any purpose, made no final report, and was never discharged as executor of the estate. Although executor in name, he performed no official acts.

The proof is sufficient that the legacies in question have not been paid, nor do we find that the defense of ademption has been sustained. We conclude, from a careful review of the testimony, that the gifts by Elias Overton to his daughters during his lifetime were in addition to the legacies provided in the will, and were not intended by him as advancements. There is no occasion to review the evidence in these particulars.

The legacies in question are pecuniary and general. They are payable from the general estate of the testator; and the entire residuary estate, both real and personal, is charged there-

**2. EXECUTORS AND ADMINISTRA- TORS: actions: enforcement of legacy: laches.** with. *Lacey v. Collins*, 134 Iowa 583. It is clear that the executor was a trustee for the purpose of carrying out the provisions of the will. We are not called upon to construe the instant will, or to determine whether the legatees were entitled to payment of the legacies before the termination of the life estate. The parties themselves (executor and legatees) gave a practical construction to the will. They recognized that, in the absence of personal property with which to pay the legacies, the rights of their mother, as owner of a life estate, should not be disturbed. They recognized that the legacies constituted a charge upon the estate, both real and personal, and that the matter should remain *in statu quo* until the death of the life tenant. This understanding is shown by the record, and may also be inferred from the fact that no attempt was made on the part of the legatees in suit to enforce payment of the legacies during the life of the mother; but shortly after her death, applications were filed for order of distribution, which the legatees involved herein did not press, for the reason that they were waiting for the decision of this court in the appeal of Sarah A. Powell, another legatee under the will. *Powell v. Overton*, 191 Iowa 574. With this view of the situation, it is quite apparent that the appellees are not guilty of laches.

It must be borne in mind that the application filed by the claimants is for an order to pay legacies. A legacy is not a claim, within the purview of the statutes of administration. A **3. EXECUTORS AND ADMINISTRA- TORS: claims: legacy not "claim."** legacy is created by the will itself, and exists by virtue thereof. We must look to the substance, and not mere form. It is the substantive law, and not the law adjective, that must control. It is not what we call the thing by name that defines the thing; and if a misnomer results, it will be disregarded, in working out justice.

It follows, therefore, from the nature of the application and the order entered, that the statute of limitations cannot be successfully urged by the appellant. The amount to be paid was **4. LIMITATION OF ACTIONS: when action accrues: legacies.** determined by the will. It was a continuing obligation on the part of the estate, and remained so until final settlement or an order to pay the

legacy was entered by the court. It is the general rule that, as between *cestui que trust* and a trustee, the statute of limitations does not apply. 2 Woerner on Administration (3d Ed.), Section 402. The subject of the recovery of legacies is primarily a question of statutory regulation; and where a trust relation of the executor or administrator is recognized, the statute of limitations for recovery of a legacy begins to run from the time of final settlement or order to pay legacies. Ibid, Volume 3, Section 569. In the majority of the states of the American union, an action at law or in equity is given to the legatee after the order to pay the legacy has been entered by the probate court. In Iowa, a direct remedy by summary process is recognized. The right of the legatee being an existing right by virtue of the will, it was not necessary for him to institute an action, either in law or equity, to have adjudged the liability of the estate to pay. The legatees adopted a provisional remedy,—a rule to show cause why the legacy should not be paid. In the instant case, it was the duty of the executor to pay. He occupied the relation of a trustee; and this relation did not cease until he secured an order of discharge upon final settlement, or until the legacy was paid. The application filed was not to establish a claim, and therefore the matter was triable to a court, and not a jury. *Gilruth v. Gilruth,* 40 Iowa 346; *Duffy v. Duffy,* 114 Iowa 581. Furthermore, the plea of limitations to an ordinary action for the recovery of a legacy cannot be interposed unless the statute expressly so provides; and this is also the rule in equity. 1 Wood on Limitations (4th Ed.), Section 35. Nor does the statute of limitations run as to a legacy charged on the land. Ibid, Volume I, Section 19.

5. Executors and administrators: legacies: nonpayment: application for order: method of trial.

"The plea of the statute of limitations to an ordinary action of a *legacy* has never been known; it has long been a settled principle that the statute does not apply in such a case; and it has been ever so understood in England, both in the common-law and ecclesiastical courts. Chancery has refused to adopt the rule by analogy to the statute, because an executor stands in the relation of a trustee, and *whilst the trust subsists,* the statute has not been permitted to run." Angell on Limitations (6th Ed.) 91, Section 90.

It is apparent that the legacies in question are not barred by the statute. They constituted a charge upon the realty devised, and the estate remained a trust estate until the death of the life tenant. At that time, it may be said that the statute of limitations commenced to run; but the right of claimants was not barred when the instant application was filed. We are not unmindful that this court, in the case of *Powell v. Overton*, supra, quotes in the opinion an instruction given by the trial court in that case, to the effect that:

"* * * plaintiff's cause of action would be barred by the statute of limitations, unless the jury should find, by a preponderance of the evidence, that defendant, as executor, concealed the existence of the cause of action from plaintiff, through misrepresentation." Page 578.

Appellant in that case was not in a position to complain of the instruction given; but the principle stated finds no application to the case at bar. Fraudulent concealment or representation does toll the statute, but this assumes that the limitation has commenced to run. However, if the statement of legal principle in the *Overton* case intends the contrary to the principle herein announced, it is in this particular now overruled.

In conclusion, the presumption of payment of a legacy after twenty years is not a conclusive presumption, but, like all other presumptions relating to payment, may be rebutted by proof that payment has not in fact been made. 2 Wood on Limitations (4th Ed.), Section 199. It is satisfactorily shown in the instant case that the legacies have not been paid, and the presumption pleaded by the administrator avails nothing.

The order and decree entered by the trial court is, therefore, —*Affirmed.*

FAVILLE, C. J., and VERMILION, J., concur.

STEVENS, J., concurs in the result.