IN RE ESTATE OF ELLIS RINARD.

No. 43947.

OCTOBER 19, 1937.

Gillespie & Moody and John E. Perry, for appellees.

McMartin, Herrick & Langdon, for appellant.

STIGER, J.— ██ ██ Appellee filed a brief and argument in reply to appellant's reply brief and argument. There being no authority for such a pleading, appellant's motion to strike appellee's reply brief and argument is sustained. Appellant's motion to strike appellee's denial of and amendment to appellant's abstract of record is overruled.

Elizabeth Rinard, appellant, was appointed executrix of the estate of her husband, Ellis Rinard, in March, 1932. On June 26, 1936, the referee in probate filed his report of an examination of Elizabeth Rinard in proceedings for discovery of assets belonging to the estate of Ellis Rinard. In July, 1936, Elizabeth Rinard resigned as executrix and Lee Bartholomew was appointed administrator with the will annexed. In September, 1936, he filed objections to the inventories and reports of the executrix. The executrix, appellant, filed a motion to strike a part of the objections. This motion was overruled and the executrix appealed.

For convenience, we have divided that part of the objections at which the motion to strike was directed into divisions, which are as follows:

### Division I

"That said Executrix in addition to the property of the

decedent listed by her in these Estate proceedings and as charged to her by the Referee in his Report, has failed to account for the following property of decedent which came into her hands at the time of his death:

"$5,000.00 Western Utilities Corporation Notes,
"$6,000.00 Mountain State Power Notes,
"$5,000.00 Wisconsin Valley Electric Notes.

"This Administrator further alleges in connection therewith that the $5,000.00 Wisconsin Valley Electric notes were paid off and redeemed by said company shortly after the death of the decedent and there came into the hands of said Executrix in connection therewith $5,112.42 for which this Executrix has failed to account herein.

"That said Executrix after the death of the decedent sold his said $5,000.00 of Western Utilities Corporation notes and $6,000.00 of Mountain State Power notes to the Henkle Van Ginkel Company of Des Moines, Iowa, and received therefor $4,682.67; that said Executrix with said funds and additional funds of this Estate purchased $5,000.00 of stock in the Paramount Products Company of Des Moines, Iowa; that all of said transactions were without approval of this court; that said Executrix in connection with the investment of said funds has received from the Paramount Products Company the sum of $19,675.00, with which amount she should be charged."

## Division II

"That said Executrix with the funds of this Estate as hereinbefore set forth, purchased the following described pieces of real estate, to-wit: [Real estate described]; that in truth and in fact said pieces of real estate actually belong to this Estate.

"That said Executrix should be required to account herein in accordance with the report of Referee heretofore filed herein and in accordance with these objections."

## Division III

"That subject to the judgment entry of this Court entered in connection with said Referee's report, this Administrator alleges that said Executrix and Elizabeth Rinard are indebted to him in the sum of $61,983.51, which includes items charged to the Executrix in said Referee's Report in the sum of

$33,649.96, the specifically denied items of disbursements hereinbefore set forth and the proceeds derived from the collection of the Wisconsin Valley Electric notes and funds received by the investment of the proceeds from the sale of the Mountain State Power notes and the Western Utilities Corporation notes and profits derived thereon.''

Appellant moved to strike division I because of misjoinder of causes of actions and parties in that the administrator joined with his objections to the reports and inventories of the executrix a law action against Elizabeth Rinard individually to recover for an alleged conversion of property.

Appellant in her motion claims that the property described in the objections never constituted any part of the estate of Ellis Rinard and never came into her hands as executrix.

Appellant moved to strike division II on the ground of misjoinder of actions and parties, the motion stating that the administrator seeks to join with his proceeding in probate an action in equity against Elizabeth Rinard individually to impose a trust on real estate, and establish title thereto and a lien thereon. The motion also alleges a misjoinder of actions because a part of the real estate is situated in Jefferson County, Iowa, and an action for said property could not properly be joined with an action to establish title to land located in Polk County, Iowa, but must be prosecuted in a separate action in equity in Jefferson County, Iowa, by the administrator against Elizabeth Rinard individually, and not as executrix.

Appellant offered in evidence in support of her motion her affidavit, the material part of which is as follows:

''I, Elizabeth Rinard, being first duly sworn, do upon oath depose and say that the following described personal property, to-wit: $5,000.00 Western Utilities Corporation notes; $6,000.00 Mountain State Power Notes; and $5,000.00 Wisconsin Valley Electric Notes; described on page three of the 'Objections to Inventory and Reports of Elizabeth Rinard, as Executrix of the Estate of Ellis Rinard, Deceased', filed September 3, 1936, never constituted any part of the property of the estate of Ellis Rinard, deceased, and was never included in any inventory, report, or inheritance tax appraisement in said Estate, for the reason that said property and all of it belonged to me individually and personally, prior to the death of Ellis Rinard, de-

ceased; that at and prior to the death of Ellis Rinard, all of said securities and property were in my own possession in my safety deposit box, and that I was the only person who had a key to or access to said safety deposit box; that Ellis Rinard never had the key to said safety deposit box and never had access to said safety deposit box, and did not claim that said securities or any of them belonged to him or were his property.

"That I own the following described real estate: [here follows description of the real estate]; that I purchased all of said real estate after the death of Ellis Rinard; that I purchased the same and all of the same with my own money; that no funds of the Estate of Ellis Rinard were ever used in the purchase of said real estate or any part of it; that said real estate was never inventoried, appraised by inheritance tax appraisers, or in any manner reported in the Estate of Ellis Rinard, deceased, because it was not the property of said Estate, but was my own individual property, acquired with my own money long after the death of Ellis Rinard, deceased."

Appellee filed a resistance to the motion to strike stating that the motion should be overruled for the following reasons:

"(1) That said Elizabeth Rinard by having herself appointed as Executrix of the Estate of Ellis Rinard, deceased, qualified as such and assumed the duties and obligations to account for the assets of said decedent, thereby became liable to account to this court for the assets of said decedent and this Estate, and thereby waived trial by jury in connection with such accounting; that such accounting is required irrespective of whether or not said Executrix inventories the assets of said Estate; that said Executrix has failed to inventory a good many items of the assets of said Estate and same have not been appraised, including the items and assets described in the Objections of this Administrator to the Reports of said Executrix.

"(2) That the said Motion to Strike is not filed in the time as prescribed by the laws of the State of Iowa and the rules of this Court, made and entered in regard to such Motions.

"(3) That the Objections to the Inventories and Reports of Elizabeth Rinard as Executrix of the Estate of Ellis Rinard, deceased, and filed herein by said Administrator, state that the assets referred to in said Motion to strike are assets of this

Estate and should be accounted for by said Executrix of this Estate and said Objections further allege that the assets referred to in said Motion to Strike came into the hands of Elizabeth Rinard as said Executrix and she should, therefore, be required to account therefor in Probate as said Executrix.

"(4) That the real estate described in said Objections and said Motion to Strike are assets of this Estate and said Executrix should be required to account therefor as said Executrix to the Court, as this Court is the Court granting administration upon the Estate of said decedent and has jurisdiction of all of the assets of this Estate whether situated in Polk or other counties in Iowa, including real estate of this Estate.

"(5) That this Administrator in his objections merely asks this Court to require said Executrix to account for all of the assets of this Estate in such manner and under such Orders as this Court may require after a full and complete hearing upon the Reports of said Executrix and said Administrator's Objections thereto.

"(6) That the Objections of said Administrator do not allege that the said Elizabeth Rinard converted the securities described in said Objections prior to the death of Ellis Rinard, but to the contrary, said Administrator alleges that said securities came into the hands of Elizabeth Rinard as Executrix of the Estate of Ellis Rinard, and as assets of the said decedent and this Estate and that the funds derived from the sale and disposition were by said Executrix used to purchase the pieces of real estate described in said Objections, and that the funds which said Executrix received from the sale and disposition of said securities came into the hands of said Elizabeth Rinard as said Executrix."

. I. Appellant contends the court erred in overruling the motion to strike division I of the objections because it joined with the action in probate an action at law against her individually for a conversion of personal property prior to her appointment as executrix which property she individually owned and possessed prior both to her husband's death and her appointment as executrix, which latter cause of action must be prosecuted at law and she is entitled to a jury trial in said action.

The administrator, appellee, in his objections, does not, as claimed by appellant, state a cause of action against Elizabeth

Rinard as an individual for conversion of property of her husband prior to his death. The administrator alleged that the executrix failed to account for the securities which were the property of the decedent and which came into her hands as executrix at the time of his death and prayed that the executrix be required to account for the described assets of the estate in accordance with the objections.

Code section 12046 provides that an executor "must account for all the property inventoried * * * as well as for all other property coming into his hands belonging to the estate."

Any person interested in the estate may attend upon the settlement of his accounts and contest the same. Code section 12050.

Code section 11825 reads as follows:

"Extent of jurisdiction. The court of the county in which a will is probated * * * shall have jurisdiction coextensive with the 'state in the settlement of the estate and the sale and distribution thereof."

■■■ At the time the motion to strike was filed, the issue on the question of ownership of the securities had been made by the administrator's objections to the reports and inventories of appellant. The probate court had jurisdiction of the action and the power to compel the executrix to account for all of the assets of the estate and the action was triable before the court without a jury. Packer v. Overton, 200 Iowa 620, 203 N. W. 307; Duffy v. Duffy, 114 Iowa 581, 87 N. W. 500; In re Estate of Parker, 189 Iowa 1131, 179 N. W. 525; Garretson v. Kinkead, 118 Iowa 383, 92 N. W. 55.

The burden of proof was on appellant to sustain her inventories and reports. In re Estate of Moe, 213 Iowa 95, 237 N. W. 228, 238 N. W. 718; In re Estate of Mowrey, 210 Iowa 923, 232 N. W. 82.

By assuming the trust, appellant knew she must account for all property belonging to the estate. If appellant had not assumed the trust, her claim of ownership would be determined in an action against her as an individual in a jurisdiction other than the court of probate, but as stated in the case of In re Estate of Parker, 189 Iowa 1131, at page 1142, 179 N. W. 525, 529:

"By accepting appointment as such, the executor acqui-

esced in the requirement that he account to the court for all property held by him as such, and waived the right to trial by jury, to which otherwise he would have been entitled.''

■■■ Appellant urges that appellee did not offer evidence in resistance to the motion to strike; that the only evidence offered was her affidavit of personal ownership of the property prior to the death of her husband and that the record thus stands undisputed that the property never constituted any part of decedent's estate.

It was not permissible for appellant to try in the hearing on her motion to strike the very issue raised by the objections of administrator which issue the probate court had full power to determine. The allegations of fact in this affidavit cannot be accepted as a verity, but must be determined in the probate proceeding.

The motion was directed only to the regularity of the pleading and its sole office was to determine whether there was a misjoinder of actions. In passing on a motion of this kind, only the contents of the pleading attacked can be considered.

The objections alleged that the executrix came into possession of certain assets belonging to the estate and asked that she be required to account for such assets. This issue was cognizable by the probate court and the trial court was right in finding that the issue was made and that there was no misjoinder of actions.

■■■ II. Appellant alleges that the court erred in overruling her motion to strike division II of the objections because of a misjoinder of causes of actions and parties in that the administrator in the proceeding in probate on objections to the reports joined therewith an action cognizable only in equity to impose a trust upon real estate and establish title thereto which action can only be prosecuted by the administrator against Elizabeth Rinard individually in a separate action in equity. Appellant also alleges that there is a further misjoinder because a part of the property is in Jefferson County, and an action for said property could not be joined with an action to establish title to land situated in Polk County, Iowa, but must be prosecuted in a separate action in Jefferson County, Iowa, against Elizabeth Rinard individually and not as executrix.

Our statements and conclusions in regard to appellant's

motion to strike division I are applicable to the motion to strike division II of the objections.

If, as alleged in the objections, the executrix purchased real estate with funds belonging to the estate, she must, as executrix, account for and inventory such property. Her failure to inventory property belonging to the estate does not relieve her from accounting for such property which, she, as executrix, holds as trustee for the parties to whom it rightfully belongs.

This is not, as claimed by appellant, an action in equity for recovery of real property or its partition which must be brought in the county in which it is situated. It is a special proceeding to compel appellant to account for assets of the estate in the probate court which had jurisdiction coextensive with the State in the administration, settlement and distribution of the assets of the estate.

If appellant's contention were adopted, we would deprive the probate court of jurisdiction to compel its executrix to account for and inventory in the probate proceeding real property belonging to the estate situated beyond the border of the county in which the will is probated, and require a suit to be brought for the recovery of real property against the executrix as an individual in each county in which real estate belonging to the estate was situated. Such a holding would contravene the express statutory jurisdiction of the probate court.

Appellant especially relies on Estate of Berryhill, 61 Iowa 345, 16 N. W. 198, and In re Brown's Estate, 113 Iowa 351, 355, 85 N. W. 617, 618.

In In re Brown's Estate, Mary Brown, wife of decedent, and Maurice, a son, were co-executors of the estate. Maurice reported $1,600 as assets of the estate. His mother filed exceptions to the report stating that this money was her property and she had loaned $1,000 to Maurice personally to enable him to purchase his sister's interest in the estate. The court held that this private transaction between the parties could not be determined in the probate proceedings. The court also states that the office of exceptions to the report was "to call the attention of the court to errors of omission or commission in the statements of account."

In the Berryhill case the objections to the executor's report alleged that while the decedent was under guardianship the executor, son of the decedent, through deception and undue

influence over the aged mother, induced her to charge in her guardianship accounts as family expense, and compensation for the guardian, a large amount of money taken by the son for his personal use. The court held the approval of the guardian's final report was an adjudication binding on the parties and that the mother's claim against her son was against him solely in his individual capacity.

The objections did not allege in either the Brown or Berryhill case that the executor received property belonging to the estate and failed to account for it, but did allege in each case a cause of action against the executor in his personal capacity.

The above cases do not sustain appellant's position and are not inconsistent with our holding in this case.

It is not necessary for us to consider the other propositions presented by the parties on this appeal.—Affirmed.

HAMILTON, C. J., and MITCHELL, DONEGAN, ANDERSON, KINTZINGER, SAGER, and PARSONS, JJ., concur.