FEDERAL LAND BANK OF OMAHA, Claimant, Appellee, v. LILLIE
F. BONNETT, Administratrix, Defendant, Appellant.

No. 44719.

FEBRUARY 7, 1939.

F. R. Boyles, T. W. Miles, and H. V. Levis, for appellee.

G. C. Stuart and A. V. Hass, for appellant.

BLISS, J.—I.  This action is a companion case to The Federal Land Bank of Omaha, Omaha, Nebraska, Plaintiff, v. Lillie F. Bonnett and Martha Bonnett, Defendants, No. 44718 in this court, 226 Iowa 112, 284 N. W. 97.  The decision of this court in that case holding that the appellee therein had failed to establish such peculiar circumstances entitling it to file its claim in the estate of John R. Bonnett, deceased, necessarily and of itself, reversed the judgment in this action.  It is the judgment of this court that the judgment herein appealed from, for the reason above stated, should be and is hereby reversed.

II.  The appellant-administratrix in this action was not made a party defendant in the other action—the equity action (No. 44718) in this court—although she might properly have been since the relief asked was the reopening of the estate of

which she was administratrix, with permission of the plaintiff therein to file its claim therein. She was the representative of the surviving spouse and heir, and by fiction or identity she was the person of the deceased, charged with the duty of resisting all unfounded or barred claims, and of resisting any improper diversion of the property of the estate, whether a party defendant or not. Ryan v: Hutchinson, 161 Iowa 575, 143 N. W. 433; Packer v. Overton, 200 Iowa 620, 203 N. W. 307. This was particularly true since the judgment and decree of the lower court in the other action reopened the estate which she, as administratrix, had closed. The judgment and decree in the other case was not final as to her, as administratrix, but was an intermediate order inhering in the final judgment on the claim.

The administratrix, as the only defendant in the present action, appealed not only from the final judgment therein, but "from all other adverse decisions, orders, entries, and judgments intermediate in nature which inhere in the final judgment appealed from, whether said decisions, orders, entries, and judgments were made in the estate proceedings proper or in other independent cases tried in the District Court of Lucas County, Iowa."

(The independent case referred to in the notice of appeal was No. 44718, herein mentioned.)

Since a determination of the issue of whether the appellee has established such peculiar circumstances as would entitle him to equitable relief, under section 11972 of the 1935 Code of Iowa, is decisive of this appeal, it is unnecessary, and we do not pass upon the merits of appellee's claim.

We have already held adversely against the appellee, on the above stated preliminary issue, in Case No. 44718, and since we find that the claimant-appellee has failed to establish facts and circumstances which afford a justification or sufficient excuse for its failure to file its claim within the statutory period, the judgment of the trial court herein is hereby reversed.—Reversed.

MITCHELL, C. J., and RICHARDS, STIGER, SAGER, HALE, OLIVER, and MILLER, JJ., concur.