ON MOTION TO STRIKE AP-PELLEE’S REPLY BRIEF
SPECTOR, Judge.
This matter is before the court on appellant’s motion to strike the reply brief of the Comptroller, one of the appellees herein. The court file on this matter reflects that appellant has filed its main brief, the Comptroller has filed his brief of appellee, and appellant has filed its reply brief on March 18, 1967. The filing of all of the briefs last enumerated is expressly provided for by Florida Appellate Rule 3.7, 31 F.S.A.
On April 3, 1967, the appellee Comptroller filed a second brief entitled “Reply Brief of the Comptroller.” Appellant has moved *366 to strike said reply brief on the grounds that the Florida Appellate Rules do not authorize the filing of a reply brief by the appellee without consent of this court.
The office of a reply brief is to respond to new matters contended by an opposing brief. Under the scheme of appellate procedure adopted in this State, express provision has been made under which an appellant is permitted to file a brief in reply to appellee’s brief. Florida Appellate Rule 3.7, subd. h. Appellee is permitted to argue in his brief all points presented by the appellant in his main brief “ * * * and such additional points as appellee desires to present as fall within the assignments or cross-assignments of error.” Florida Appellate Rule 3.7, subd. g(3).
A review of the reported decisions in this State fails to reflect a case relating to the propriety of an appellee filing a reply brief, presumably in reply to appellant’s reply brief. However, as noted above, our appellate rules do not authorize such a brief by the appellee. It is clear, however, that matters argued for the first time in an appellant’s reply brief will not be considered by the reviewing court. See: Pursell v. Sumpter Cooperative, Inc., Fla.App., 169 So.2d 515, fn. 2 at page 518.
In 5 C.J.S. Appeal and Error § 1334 a, page 361, we find the rule to be stated as follows:
“It has been held that there is no authority for a brief of appellee in reply to appellant’s reply brief, and that such a brief will be stricken on motion.” Citing in support thereof In re Rinard’s Estate, 224 Iowa 100, 275 N.W. 485; Ardolino v. Reinhardt, 128 App.Div. 339, 112 N.Y.S. 641; and O’Brien v. Puget Sound Plywood, 23 Wash.2d 917, 165 P.2d 86.
Inspection of the initial brief filed in behalf of appellee, Fred O. Dickinson, Jr., indicates that the State was cognizant of the meaning and import of Florida Appellate Rule 3.7, subd. g(3) inasmuch as virtually all of said appellee’s brief is devoted to argument in support of its cross-assignments of error as is contemplated by the subject rule.
It appearing that there is no valid purpose or authority for a reply brief by the appellee, appellant’s motion to strike ap-pellee’s brief is granted.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.