678 So.2d 431 (1996)
GENERAL MORTGAGE ASSOCIATES, INC., et al., Appellants,
v.
CAMPOLO REALTY & MORTGAGE CORPORATION, et al., Appellees.
No. 95-1647.
District Court of Appeal of Florida, Third District.
July 31, 1996.
Fowler, White, Burnett, Hurley, Banick & Strickroot and A. Rodger Traynor, Jr., Miami, for appellants.
Hellman & Maas, Coral Gables, and Julian R. Benjamin, Miami, for appellees.
Before SCHWARTZ, C.J., and LEVY and SHEVIN, JJ.
SCHWARTZ, Chief Judge.
On the authority of Florida Nat'l Bank v. Bankatlantic, 589 So.2d 255 (Fla. 1991), we conclude that, because there was no "intentional default" by the mortgagor, the trial court correctly declined to award the mortgagee a prepayment penaltyeuphemistically called in this instance a "yield savings clause"after the mortgagee both accelerated the mortgage and recovered interest at the default rate.
The mortgagee relies on dicta in the Fourth District opinion in Florida Nat'l Bank v. Bankatlantic, 557 So.2d 596, 598 (Fla. 4th DCA 1990), quoted by the Supreme Court in Bankatlantic, 589 So.2d at 258:
that unless otherwise specifically provided for in the note, the lender cannot upon the lender's acceleration also collect the prepayment penalty. [e.s.]
The fact that this issue was raised for the first time in the reply brief alone precludes our consideration of the matter. Carrasquillo v. Holiday Carpet Serv. Inc., 615 So.2d 862 (Fla. 3d DCA 1993); Rolling Oaks Homeowner's Ass'n, Inc. v. Dade County, 492 So.2d 686 (Fla. 3d DCA 1986), review denied, 503 So.2d 328 (Fla.1987); Zerwal v. State Farm Mut. Auto. Ins. Co., 332 So.2d 645 (Fla. 3d DCA 1976); St. Regis Paper Co. v. Hill, 198 So.2d 365 (Fla. 1st DCA 1967); Pursell v. Sumter Elec. Co-op., Inc., 169 So.2d 515 (Fla. 2d DCA 1964).
Going further than we need, however, we also find the position wanting on the merits. While the present instruments do contain a clause that:
[t]he foregoing prepayment penalties shall also apply in the event borrower defaults under the terms and conditions of this mortgage,
the provision does not "specifically" provide for recovery of the penalty after and in addition to the "lender's acceleration" and the collection of default interest, as occurred here. It is therefore insufficient to comply with the requirements of the dicta in question.
Affirmed.