# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

————————————————

34TH STREET, LLC,

Appellant,

v.

PRO-KARTING EXPERIENCE, INC.,

Appellee.

No. 2D22-3139

————————————————

March 22, 2024

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pinellas County; Thomas M. Ramsberger, Judge.

Walter Sowa, III, of The Law Office of Walter Sowa, III, P.L., Bradenton, for Appellant.

Jason S. Lambert and Tyler C. Troyer of Hill, Ward & Henderson, P.A., Tampa (withdrew after briefing); Jay L. Farrow of Farrow Law, P.A., Coral Gables (substituted as counsel of record), for Appellee.

KHOUZAM, Judge.

In this ongoing landlord/tenant dispute, Landlord 34th Street, LLC, timely appeals an order invalidating a writ of possession that had been entered in its favor against Tenant Pro-Karting Experience, Inc. On appeal, Landlord frames one narrow issue:

[A] trial court has a ministerial duty to issue an immediate default against a tenant pursuant to Florida Statue [sic] 83.232 <u>when a tenant has failed to deposit rents in the Court Registry after being ordered to</u>, and a failure by the tenant to deposit rents not only acts as a waiver of the tenant's defenses, but affords the landlord the absolute right to an immediate default and writ of possession, ex parte, with no valid exceptions, equitable or statutory available to the tenant.

(Emphasis added.) However, because Tenant was not previously ordered to deposit monies into the court registry, no such duty arose here under the plain language of section 83.232(5), Florida Statutes (2022). Thus, we affirm.

## Background

The parties originally entered into a commercial lease agreement in 2015. Since 2019, they have been litigating various issues in several different lawsuits in both the trial and appellate courts.

We need not recount much of the contentious litigation between these parties. Relevant here, Tenant answered Landlord's complaint for eviction and damages, disputing the amount claimed by Landlord and asserting several affirmative defenses including payment and acceptance of rent. After a hearing for which no transcript has been provided, the trial court granted partial summary judgment for Landlord. The summary judgment order expressly commands: "<u>The Defendant Tenant shall pay the Plaintiff Landlord</u> $104,409.75, plus monthly interest of $1,149.60 on or before June 10, 2022." (Emphasis added.) The order does not mention any court registry, much less direct any payment into one. Tenant moved for rehearing of the ruling.

While Tenant's rehearing motion was pending, Landlord filed a motion for contempt, eviction, and entry of judgment for failure to pay pursuant to the summary judgment order. Landlord's motion expressly

2

sought "an immediate writ of eviction" pursuant to section 83.232. Tenant responded opposing the motion and, later, filed an emergency motion to stay issuance of any writ of possession.

Shortly thereafter, the trial court entered a writ of possession in favor of Landlord. The following day, Tenant filed a petition for writ of certiorari to this court and deposited monies into the court registry. This court issued an order granting a provisional stay of the writ of possession until the trial court formally ruled on Tenant's motion to stay.

Ultimately, the trial court granted Tenant's motion. The order acknowledges that, whereas Tenant had not paid the ordered amount to Landlord or to the court registry by the time the writ of possession had issued, Tenant had now deposited an appropriate amount into the court registry. The court accordingly invalidated the writ of possession on the basis that Tenant's payment of the disputed monies into the court registry "effectively complies with Florida Statute 83.232 and saves the day." Landlord timely appealed this nonfinal order.

## Analysis

Landlord's appellate argument is extremely narrow. Specifically, Landlord asserts (1) that the trial court ordered Tenant in the summary judgment order to pay monies into the court registry and (2) that Tenant's failure to timely comply waived all of Tenant's defenses under section 83.232(5), thereby entitling Landlord to an immediate writ of possession.

The subsection Landlord relies upon provides in full:

> (5) Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.

3

(Emphasis added.) Thus, the statute's plain language specifies that the tenant's failure "to pay the rent into the court registry pursuant to court order" is what triggers the "absolute waiver of the tenant's defenses," entitling the landlord to "immediate default for possession." *Id.*

The problem for Landlord is that, contrary to the only argument it has raised in this appeal, the summary judgment order simply does not direct Tenant to pay any monies into the court registry. Rather, it expressly orders Tenant to pay the disputed monies <u>directly to Landlord</u>. And the parties have not identified any other order directing payment into the court registry. Thus, under the plain language of section 83.232(5), the absolute waiver of defenses was never triggered, precluding Landlord's resulting entitlement to immediate possession.

To dispense here with this express legislative precondition would effectively render the statutory language "into the court registry" a nullity. This court must instead endeavor to give meaning and effect to all of the words in the statute. *See, e.g.*, *Larimore v. State*, 2 So. 3d 101, 106 (Fla. 2008) (acknowledging "the 'elementary principle of statutory construction that . . . words in a statute should not be construed as mere surplusage' " (quoting *Gulfstream Park Racing Ass'n v. Tampa Bay Downs, Inc.*, 948 So. 2d 599, 606 (Fla. 2006))).

Below, Landlord acknowledged that the summary judgment order does not, in fact, direct payment into the court registry, contending that the absence of such a directive is irrelevant. On appeal, however, Landlord has declined to raise this argument. Instead, contrary to its concession below, Landlord simply maintains in this court that the summary judgment order <u>does</u> order payment into the court registry, citing authorities addressing the failure to do so under such an order. Thus, having advanced only this meritless contention, Landlord has

4

abandoned any argument that the absence of an order directing the monies paid into the court registry is irrelevant.[1]  *See, e.g., Bath Club Ent., LLC v. Residences at Bath Club Maint. Ass'n*, 355 So. 3d 999, 1001 n.3 (Fla. 3d DCA 2023) ("[I]t is well settled that if an appellant fails to raise an argument in its initial brief, that argument is deemed abandoned." (citing *Gen. Mortg. Assocs. v. Campolo Realty & Mortg. Corp.*, 678 So. 2d 431, 431 (Fla. 3d DCA 1996))).  As Landlord has failed to demonstrate reversible error below, we affirm.

Affirmed.

SLEET, C.J, and SMITH, J., Concur.

---

Opinion subject to revision prior to official publication.

---

[1] Although we do not reach this issue, we note that, even if it were properly before us, it would not necessarily dictate a different result. Below, Landlord relied upon two authorities in this regard: *Blandin v. Bay Porte Condominium Ass'n*, 988 So. 2d 666 (Fla. 4th DCA 2008), and *Chartier v. Sherman*, 672 So. 2d 604 (Fla. 3d DCA 1996).  In both cases, the parties stipulated to payment directly to the landlords rather than into the court registry as otherwise contemplated by the statute.  *See Blandin*, 988 So. 2d at 667 ("The trial court also ordered, pursuant to the parties' stipulation, that the unit owners would pay the rent directly to Blandin or Blandin's counsel rather than into the court registry."); *Chartier*, 672 So. 2d at 604 ("However, pursuant to a stipulation between the attorneys, the parties agreed that payments would be paid directly to the landlord.  The tenant, Chartier, failed to abide by the terms of the stipulated agreement and, after notice, the trial court entered a default as permitted by §83.232(5).").  Here, however, the parties have not suggested that there exists any kind of stipulation to that effect.  Nor have they submitted a transcript of the summary judgment hearing that might illuminate such an assertion.