# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2024.

_____

No. 3D22-1404
Lower Tribunal No. B22-14816
_____

**City of Miami Beach,**
Appellant,

vs.

**Adalberto Cosme,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Robin W. Faber, Judge.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General; Rafael A. Paz, City Attorney, and Robert F. Rosenwald, Jr., Chief Deputy City Attorney, and Woody Clermont, Assistant City Attorney, for appellant.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellee.

Before SCALES, LINDSEY, and MILLER, JJ.

**On Motion for Rehearing or Clarification**

PER CURIAM.

Upon consideration, the Appellee's Motion for Rehearing or Clarification, and Corrected Motion for Rehearing or Clarification are hereby denied. The Appellant's Response is noted.

SCALES and LINDSEY, JJ., concur.

MILLER, J., dissenting from the denial of rehearing or clarification.

I respectfully dissent from the denial of rehearing or clarification. In reversing the case on due process grounds, the majority relies upon an argument advanced by the State for the first time in the reply brief. As appellee correctly argues, this course of action constitutes a sharp departure from established tenets of appellate law. See Hoskins v. State, 75 So. 3d 250, 257 (Fla. 2011) (barring issue not raised in initial brief); Gen. Mortg. Assocs., Inc. v. Campolo Realty & Mortg. Corp., 678 So. 2d 431, 431 (Fla. 3d DCA 1996) ("The fact that this issue was raised for the first time in the reply brief alone precludes our consideration of the matter."); Land v. Fla. Dep't of Corr., 181 So. 3d 1252, 1254 (Fla. 1st DCA 2015) ("[T]his court is unable to entertain appellants' argument . . . which they failed to raise in their initial brief."); Plichta v. Plichta, 899 So. 2d 1283, 1287 (Fla. 2d DCA 2005) ("Issues raised on appeal for the first time in a reply brief are not properly before this court and will not be considered."). Accordingly, in my view, lack of preservation should have doomed this appeal to failure.