114 So.2d 817 (1959)
W.H. MILLS, Albert H. Jones, and James M. Guelker, doing business as Mills & Jones, Appellants,
v.
Otto KRAUSS, doing business as Krauss, and Krauss Roofing Company, Inc., a corporation, Appellees.
No. 999.
District Court of Appeal of Florida. Second District.
September 23, 1959.
Rehearing Denied October 26, 1959.
*818 Grazier, Greene & Coit, St. Petersburg, and Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Edmund T. Shubrick and Mann, Harrison & Mann, St. Petersburg, for appellees.
STEPHENSON, GUNTER, Associate Judge.
The trial court on appellees' motion for a summary judgment ruled as a matter of law that where a general contractor subcontracts a portion of construction work to an independent contractor, the general contractor is not liable to the owner of the premises for damages caused thereto by the negligence of the subcontractor in failing to perform the work properly. This holding cannot be sustained and the judgment is reversed.
Succinctly, the pleadings reveal that Barnes Operating Company, Inc. was the owner of the Huntington Hotel and engaged the appellants to do certain remodeling, renovating and major repair work upon the Huntington Hotel, the appellants guaranteeing that all of the materials, work and labor would be of first-class quality and that the job would be performed with care and skill so as to protect the owner's property from damage or injury in the performance of the work. The appellants subcontracted the roofing portion of the remodeling of said hotel to the appellees. It is stipulated that the appellees were independent contractors. While appellees were engaged in the performance of this contract, through their negligence rain entered into the hotel through the roof and caused damage in a substantial amount to the interior of said hotel.
*819 When the appellants sought to collect the balance due them under the general contract price from Barnes Operating Company, Inc., they were met by a demand and counterclaim for reimbursement of the water damage resulting from appellees' negligence. The appellants thereupon made demand upon appellees to reimburse Barnes for the alleged damages. Appellees ignored this demand; and the appellants, being convinced of their liability, negotiated a settlement with Barnes.
In the meanwhile appellees, the independent contractors, filed suit against the appellants for the balance they claimed to be due under their subcontract. The appellants counterclaimed for indemnification of the amount they had paid to Barnes Operating Company, Inc. for damages caused solely by appellees' negligence in the performance of their subcontract. Appellees moved for summary judgment on this counterclaim, contending that as a matter of law appellants were not entitled to indemnification.
The learned trial judge agreed, holding as a matter of law that the appellants were not liable to Barnes Operating Company, Inc. for the negligent acts of appellees as independent contractors, that the payments made by appellants were voluntary and not made under any legal obligation, and that the appellants were not entitled to indemnification. Summary final judgment was thereupon granted to appellees against appellants' counterclaim. Upon doing so, the trial judge followed the general principles governing the nonliability of a principal for the tortious acts of an independent contractor and failed to recognize the inapplicability of this rule as the pleadings and facts in this case required.
The appellees in their brief have cited a number of cases which recognize and deal with the general rule of non-liability of an employer for the negligence of an independent subcontractor. The appellants strongly urge upon us that the contractual relations existing between the appellants and the owner of the premises create an exception to the above general rule, and with this we agree.
In some circumstances duties may devolve upon an employer which he cannot delegate to another, and in such cases the employer is liable for breach or nonperformance of such duties even though he employs an independent contractor to do the work. Dealing with nonperformance of absolute duties of an employer and with reference to contractual obligations, the following is said in 27 Am.Jur., Independent Contractors, section 48, at page 526:
"Likewise, one who, by a specific agreement, undertakes to do some particular thing, or to do it in a certain manner, cannot by employing an independent contractor, avoid responsibility for an injury resulting from the nonperformance of any duty or duties which, under the express terms of the agreement or by implication of law, are assumed by the undertaker."
See the annotation on this point in 29 A.L.R. 736. See also 57 C.J.S. Master and Servant § 591, p. 365, and note 40, p. 367.
An early case cited in support of the rule is John J. Radel Co. v. Borches, 1912, 147 Ky. 506, 145 S.W. 155, 156, 39 L.R.A., N.S., 227. The principle is stated therein as follows:
"The rule is clear beyond argument that one who undertakes by contract to do for another a given thing cannot excuse himself to the other for a faulty performance, or a failure to perform, by showing that he has engaged another to perform in his place, and that the fault or failure is that of another or independent contractor."
Another case applicable in principle is Schutte v. United Electric Co., 1902, 68 N.J.L. 435, 53 A. 204, 205. In that case one Verdon had contracted with the North Hudson Light, Heat & Power Company for the installation of an electric meter. The work was negligently performed by a *820 subcontractor, resulting in damages to Verdon and others. The court's holding is demonstrated by the following quotation from that case:
"The North Hudson Light, Heat & Power Company made a contract with the O.K. Electric Company, an independent electric contractor, to make the alteration of the wires in the switch box which was necessitated by the installation of the meter. It is insisted by the defendant that, if there was any negligence in altering the wiring in the switch box, it was the negligence of an independent contractor, who had exclusive charge of the work, and which cannot be imputed to the defendant. The contract of Verdon was with the North Hudson Light, Heat & Power Company, under which said company was bound to use reasonable care in the work necessary to complete the installation of the meter,  a care commensurate with the risk which attends the use of an agency so highly dangerous. As to Verdon the said company was an independent contractor, for whose negligence Verdon was not liable. There was no privity between Verdon and the O.K. Electric Company, and the North Hudson Light, Heat & Power Company could not escape liability to Verdon under its contract with him by employing another company to do the work, and thereby turn him over, without his consent, to a party which might be irresponsible for the damages he might sustain by breach of the contract he made with the North Hudson Company. The rule applicable to negligence of an independent contractor is not involved in this controversy, so far as Verdon is concerned. If the owners of the buildings had sued Verdon for their loss, he was in a position to invoke that rule, but it constitutes no defense in an action by Verdon against the party with which he contracted."
See also the cases of Pacific Fire Ins. Co. v. Kenny Boiler & Mfg. Co., 1937, 201 Minn. 500, 277 N.W. 226; Alabama Power Co. v. Pierre, 1938, 236 Ala. 521, 183 So. 665; Continental Ins. Co. v. I. Bahcall, Inc., D.C.Wis. 1941, 39 F. Supp. 315; D.L. Fair Lumber Co. v. Weems, 1944, 196 Miss. 201, 16 So.2d 770, 151 A.L.R. 631; and Rayonier, Inc. v. Bryan, 5 Cir., 1957, 249 F.2d 405.
The pleadings and facts involved in the present case show a contractual privity between the appellants and the owner of the premises; and we hold that the duty of a general contractor to use due care in repairing the premises of another, insofar as it is applicable to the owner of the premises, is a nondelegable duty which may not be committed to an independent contractor; and the latter will be deemed to be the employee of the general contractor, for whose failure to use due care in repairing said premises the general contractor will be held responsible. The general contractor, having undertaken to repair the premises of another, whether by his own employees or through an independent contractor or other agents, is under a duty to the owner of the premises by virtue of a relationship created by the general contract to see to it that due care is used in repairing the premises. This contractual responsibility of the general contractor to the owner cannot be delegated to a third person in such manner as to relieve the general contractor of liability for a violation of his duty in that behalf.
No Florida case dealing with the precise factual and legal point herein involved has been cited to us, and we have found none. It appears clear that under the circumstances the pertinent duties of the general contractor to his employer were nondelegable. We hold that the defense of independent contractor cannot be maintained by appellees under the factual situation reflected in this record. Thus, the contractual obligation of appellants to Barnes Operating Company, Inc. to repair their *821 hotel premises with first quality materials and use due care and skill cannot be avoided by employing appellees as independent contractors.
It would be a strange doctrine indeed to hold that appellants could enter into a contract with Barnes Operating Company, Inc. to renovate and repair the premises of Barnes Operating Company, Inc. in a skillful and workmanlike manner and then, without the consent of said operating company, employ an irresponsible party to do the work and then avoid responsibility by seeking refuge, through the doctrine that an employer or a contractor is not liable for the negligence of his independent subcontractor, behind the men they had employed and who caused the accident from which the damages resulted.
This cause is hereby reversed for further proceedings consistent with the views herein expressed.
KANNER, Acting C.J., and SHANNON, J., concur.