186 So.2d 798 (1966)
MAI KAI, INC., a Florida Corporation, and Richard C. Reilly, Appellants,
v.
Mary COLUCCI et al., Appellees.
No. 130.
District Court of Appeal of Florida. Fourth District.
May 5, 1966.
Rehearing Denied May 25, 1966.
*799 Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant Mai Kai, Inc.
L. Fred Austin, of Carey, Terry, Dwyer, Austin, Cole & Stephens, Fort Lauderdale, for appellant Richard C. Reilly.
Fred Patrox, Miami, for appellees.
PER CURIAM.
Defendants, Mai Kai, Inc. and Richard C. Reilly, appeal a judgment entered after trial by jury for plaintiffs, Mary Colucci and her husband, Bart Colucci. The action was based upon injuries to the plaintiff-wife caused by a metal counterweight to a special kind of decorative fan falling from above while she was seated for dining.
Reilly, the architect, prepared plans and specifications for the fan. The original design was on a principle different from that ultimately used in the actual construction of the fans. After consultations on the first plans the owner requested the architect and the fabricator to prepare a less expensive fan. The architect thereafter revised the original plans. Neither the original plans nor the revised plans contemplated counterweights. When the fans were finally fabricated each contained counterweights which the architect observed in witnessing the trial run, but there was never any revision of plans to include counterweights.
Shortly after installation of the fans in the ceiling on the premises of the defendant, Mai Kai, a squeak developed. At a conference the owner, the fabricator and the architect came to a consensus that extending the length of the metal counterweight rod might remedy the squeak. On their direction the counterweight rod was extended. The extension added about six pounds in weight and it added an increase of the stress on the weld joining the counterweight rod to the collar on the shaft. The architect testified that he knew that the additional extension of the counterweight rod added additional weight and that this would cause an increase of the stress on the weld but he did not impart that knowledge to the owner or the fabricator. Less than a week after the lengthening of the counterweight rods the weld broke causing the plaintiff's injuries. There was much evidence to the effect that the weld was imperfect and that the rod fell because of this defect. A witness for the fabricator, testifying as an expert in the field of metals, while admitting that the weld was imperfect, testified that in his opinion the weld would not have broken had the additional weight not been added. The architect's duties included supervision. In reviewing the evidence in the light most favorable to the verdict we find substantial competent evidence to support the judgment against the architect. Bayshore Development Co. v. Bondfoey, 1918, 75 Fla. 455, 78 So. 507, L.R.A. 1918D, 889.
The defendant, Mai Kai, Inc., had a non-delegable duty to keep its premises reasonably safe for the invited use, and it *800 is liable for such damages that may result by reason of a breach of that duty. Modlin v. Washington Avenue Food Center, Fla. App. 1965, 178 So.2d 596.
Affirmed.
SMITH, C.J., and ANDREWS, J., concur.
BARNS, PAUL D., Associate Judge, concurs in part and dissents in part.
BARNS, Associate Judge (concurring in part and dissenting in part).
I concur in the part of the opinion that holds the restaurant owner liable.
I dissent to that part of the opinion that holds the architect liable under the circumstances of this case since the faulty welding was that of the fabricator without which fault the injury would not have occurred; the adding of additional weight was not a fault but created a condition without which the latent fault of the fabricator would not have become active.