205 So.2d 291 (1967)
MAI KAI, INC., a Florida Corporation Licensed to Do Business in the State of Florida, and Richard C. Reilly, Petitioners,
v.
Mary COLUCCI and Her Husband, Bart Colucci, and Fleming & Smith, Inc., a Florida Corporation, Respondents.
Richard C. REILLY, Petitioner,
v.
Mary COLUCCI and Her Husband, Bart Colucci, Respondents.
Nos. 35437, 35431.
Supreme Court of Florida.
November 29, 1967.
Rehearing Denied January 19, 1968.
*292 Fleming, O'Bryan & Fleming and Norman C. Roettger, Jr., Fort Lauderdale, for Mai Kai, Inc.
Carey, Dwyer, Austin, Cole & Stephens, Miami, and Burl F. George, Fort Lauderdale, for Richard C. Reilly.
Joe Norman Unger, Miami, for respondents.
DREW, Justice.
Certiorari has issued in this cause on the ground of conflict between the decision of the district court[1] which affirmed a judgment against the petitioners, a corporate restaurant owner and supervising architect employed by it, and the decision of this Court in Slavin v. Kay[2] holding such an owner has no liability for injury caused by defective work of a contractor which is "not discoverable by inspection."[3] There was no appeal in the case at bar by the third party contractor, against whom a verdict and judgment was also entered.
The opinion of the district court recites the evidence showing that the respondent Colucci was injured in petitioner Mai Kai's restaurant when a suspended metal counterweight fell from a ceiling fan because of defective welding by the metal fabricator contractor who installed the device. The factual situation was complicated by an extension of the counterweight by the contractor to correct a noise in operation immediately after installation, increasing stress on the weld. The evidence appears undisputed, however, to the effect that the imperfection was not apparent on inspection and that in the absence of this defective workmanship such a weld would have sustained the additional weight.
Liability of the petitioner Mai Kai, Inc., was predicated simply on its "non-delegable duty to keep its premises reasonably safe for invited use." In our examination of the authorities relied on to sustain this decision, we find no precedent *293 in our cases for application of that principle to impose liability without fault, or vicarious liability for the negligence of a third party contractor, in the circumstances of this case.[4] With specific reference to the duty to keep premises in safe condition for business invitees (injured by an improperly attached roof), this Court has said:
"We unequivocally held in Hall v. Holland [47 So.2d 889], that it was the duty of the defendant to use reasonable care in maintaining the premises in a reasonably safe condition and to have given the plaintiff timely notice or warning of latent and concealed perils `known to the defendant, or which by the exercise of due care should have been known to him * * *' This is an expression of the great weight of authority." (Emphasis supplied)[5]
Those cases stating exceptions to this doctrine[6] do not, in any instance brought to our attention, involve latent defects or conditions which, as in the present situation, could not have been discovered by reasonable care, whatever conduct that standard may require in a particular case. The duty to exercise that reasonable care is nondelegable in the sense that a contract for its performance by another will not necessarily eliminate an owner's responsibility. The duty, however, remains one of due care or reasonable care in preventing or correcting an unsafe condition, as opposed to absolute liability for a contractor's negligence. There is not, in our opinion, any inconsistency between this rule of nondelegability and the decision in the Slavin case, supra, requiring that liability for the independent negligence of a third party contractor be based on acceptance of defective work under circumstances imputing notice or a duty to correct. Upon this reasoning, the uncontroverted evidence in the present case required that the motion for directed verdict by the defendant Mai Kai, Inc., be granted.
It will be apparent from a consideration of the rationale of the district court opinion in this case that application of the rule there enunciated, i.e. liability based on imputed negligence, will result in one standard of liability for a businessman who employs a contractor to construct the building in which he conducts his business, and another standard of liability (or nonliability) for one who purchases a building in which to do business, in which case any negligence of the builder cannot, of course, be imputed to a purchaser. Such a result is patently irrational and would, we think, add to the existing body of tort law a doctrine both novel and undesirable.
We conclude also that on the record evidence relative to the material issues the judgment against the petitioner Reilly cannot be sustained. The opinion testimony cited below, equivocal at best to the effect that the defective weld would not have broken without the additional weight, has no real bearing on the question of reasonable care in the exercise of supervisory duties by the architect. His knowledge of increased stress could not give rise even to a duty to warn in the face of the conceded fact that a proper weld would have sustained the weight, and that he had no notice or knowledge of the imperfection. In terms of proximate cause expressed in the dissenting opinion below, no conduct of petitioner Reilly in these circumstances contributed to the ultimate injury and his motion for directed verdict should have been granted.
*294 The judgment of the appellate court is accordingly quashed and the cause remanded with directions for further proceedings in accordance herewith.
CALDWELL, C.J., and THOMAS and THORNAL, JJ., concur.
ROBERTS, J., concurs specially with opinion.
ERVIN, J., concurs in part and dissents in part with opinion.
WHITE, Jos. S., Circuit Judge (Retired), concurs in part and dissents in part with opinion.
ROBERTS, Justice (concurring specially):
I concur in the judgment for the reasons stated in Hall v. Holland, 47 So.2d 889 and because the doctrine of implied warranty is not raised.
ERVIN, Justice (concurring in part and dissenting in part):
I agree with the dissenting opinion of Circuit Judge WHITE that the architect is not liable but concur in the opinion of the District Court that the restaurant owner is liable.
WHITE, JOS. S., Circuit Judge, Retired (concurring in part and dissenting in part):
I am in full accord with the reversal of the judgment against the architect, but find myself unable to agree with the reversal of the judgment against the restaurant owner. The latter result is reached because of what is said to be a conflict in the decision of the District Court of Appeal in this case (See Mai Kai, Inc. v. Colucci, et al., Fla.App. 1966, 186 So.2d 798) and the decision of this Court in Slavin v. Kay, Fla. 1959, 108 So.2d 462. It is my opinion that there is no such conflict and that the decision of the District Court of Appeal regarding the restaurant owner should not be disturbed.
In the case sub judice liability is sought to be imposed upon the owner for negligence of an independent contractor in doing work upon the owner's restaurant building. Under these circumstances respondent, plaintiff in the trial court, contends that the owner of a business who solicits the public to come there to patronize the business has a duty to furnish to his patrons a reasonably safe place in which to shop which cannot be delegated to an independent contractor and that therefore the negligence of the contractor is to be imputed to the owner. Thus no direct negligence on the part of the owner, himself, is charged here. It is the negligence of the independent contractor, imputable to the owner who has engaged the contractor which is involved in the case now before the Court. There must be privity of contract to support this theory of liability. In the Slavin case no such claim was asserted against the motel owner (Kay). The complaint upon which trial proceeded was against McCann Plumbing Company, a corporation, and Kay. It stated:
1. That on or about March 21, 1953, he (the plaintiff) was a paying guest at the Carousel Apartment Motel located at 19051 Collins Avenue, Miami Beach, Dade County, Florida, and that in the unit rented by him there was a wash basin; that while using the wash basin in the normal and customary manner and for a purpose for which it was supplied, the wash basin came loose from the wall and struck the plaintiff.
2. That the defendant, McCann Plumbing Company, the contractor which installed the wash basin, failed to exercise reasonable care in the installation of it; that the defendant was negligent in one or more of the following acts or omissions pertaining to said installation: (a) It failed to properly attach the wall bracket to the wall. (b) It failed to properly attach the basin to the wall bracket. (c) It *295 used a defective wash basin. (d) It used a defective wall bracket. (e) It failed to properly attach the pipes to the basin. (f) It failed to use proper braces to support the basin; that the defendant knew or should have known that its failure to exercise reasonable care in the aforementioned installation created an inherently dangerous situation and an unreasonable risk of substantial bodily harm to those lawfully using it for a purpose for which it was installed and to those to whom the defendant contractor should expect to be within the vicinity of its probable use; in the alternative, plaintiff alleges that on or about March 21, 1953, and prior thereto the defendant, Sanford Kay, was the lessee of the aforesaid premises, doing business as Carousel Apartment Motel, and that he controlled or maintained the aforesaid premises and was responsible for the maintenance and upkeep of the plumbing and other fixtures; and that he so negligently operated, maintained or controlled the said premises that although he knew or should have known that the wash basin was defectively secured or attached to the wall or had fallen in a state of disrepair he failed to remedy this defective condition or warn the plaintiff of the said inherently dangerous condition which in the exercise of reasonable and ordinary care under the circumstances was not discoverable by the plaintiff.
It will be observed that nothing is said regarding privity of contract between Kay and McCann. The claim against Kay was upon a different theory: Kay's direct negligence in maintaining the motel with actual or constructive knowledge of the defect in question. Kay was never called upon to answer a claim against him upon the theory now in question in the case sub judice, namely, liability vel non of the owner for negligence of an independent contractor. It is fundamental that a party may not recover upon a claim different from that stated in his complaint. This rule is subject, of course, to the provision of the Rules of Civil Procedure that: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." See Rule 1.190(b), 30 F.S.A. However, the record in the Slavin case indicates a constant and unchangeable stand by plaintiff on the theory of liability stated in his pleading.
The question now before the Court in regard to the judgment against the restaurant owner was not decided in the Slavin case and it should not be read into that case now. Upon this basis I conclude that there is no conflict.
ERVIN, J., concurs.
NOTES
[1] 186 So.2d 798.
[2] Fla. 1958, 108 So.2d 462.
[3] Ibid, p. 466.
[4] Cited in the opinion of the appellate court is Modlin v. Washington Avenue Food Center, Fla.App., 4th Dist. 1965, 178 So.2d 596, which has been reviewed upon petition for certiorari in this Court. See opinion filed November 29, 1967, 205 So.2d 295.
[5] Hickory House v. Brown, Fla. 1955, 77 So.2d 249, 252.
[6] Goldin v. Lipkind, Fla. 1950, 49 So.2d 539, 27 A.L.R.2d 816; Ross v. Heitner, Fla.App. 1963, 156 So.2d 869; Easton v. Weir, Fla.App. 1960, 125 So.2d 115; Sec. 426, Rest. Torts.