293 So.2d 795 (1974)
Dean S. CAMPBELL and Nona O. Campbell, His Wife, Appellants,
v.
Clemence Levy BELLMAN, Appellee.
No. 73-525.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Rehearing Denied May 20, 1974.
Paige & Catlin, Miami, for appellants.
Harold Bellman, Miami Beach, for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PEARSON, Judge.
The appellants contracted to purchase three lots from the appellee, Clemence Levy Bellman. Since there was uncertainty as to location of the lots, the contract of sale provided that the "[s]eller is to provide survey showing four (4) corner locations for each lot referenced above". It is alleged that the corner locations were wrong and appellants built a structure on a lot that they did not own. They then sued the seller for breach of contract and a summary final judgment was entered in favor of the seller. We reverse the summary judgment and remand for further proceedings.
Appellants' original complaint was brought against not only the appellee Bellman, who was the seller of the lots, but against other defendants including the surveyor who had staked the lots. Suit is still pending against other defendants, but upon the motion of appellee Bellman, summary judgment dismissing her from the complaint was granted upon the ground that she was insulated from liability because the surveyor was an independent contractor.
The appellees and presumably the trial court followed the theory that appellants' cause of action was in tort for the negligence of the surveyor and therefore relied upon the long recognized general rule that an employer is not liable for the negligent acts of an independent contractor. See Gulf Refining Co. v. Wilkinson, 94 Fla. 664, 114 So. 503 (1927). It was held in Ross v. Heitner, Fla.App. 1963, 156 So.2d 869, that the general rule is subject to exceptions, including the exception that inherently dangerous work of an employed independent contractor may leave the employer liable. In Easton v. Weir, Fla. App. 1960, 125 So.2d 115, the exceptions to the general rule were held to apply to a landlord's assumed repair of a roof upon the ground that such labor was inherently dangerous.
The question of whether the negligent performance of an independent contractor can insulate a contracting party from liability under the contract is not new in the state of Florida. In Mills v. Krauss, Fla. *796 App. 1959, 114 So.2d 817, the District Court of Appeal, Second District, discussed a contractor's liability for the negligent performance of an independent subcontractor. The court held:
"In some circumstances duties may devolve upon an employer which he cannot delegate to another, and in such cases the employer is liable for breach or nonperformance of such duties even though he employs an independent contractor to do the work."
The court further stated:
"Dealing with nonperformance of absolute duties of an employer and with reference to contractual obligations, the following is said in 27 Am.Jur., Independent Contractors, section 48, at page 526:
`Likewise, one who, by a specific agreement, undertakes to do some particular thing, or to do it in a certain manner, cannot by employing an independent contractor, avoid responsibility for a injury resulting from the nonperformance of any duty or duties which, under the express terms of the agreement or by implication of law, are assumed by the undertaker.'"
There remains the question of whether the general rule or an exception thereto applies in this case. We think that the holding in Mills v. Krauss, supra, clearly indicates that in an obligation such as that assumed by the appellee-seller here, the contractual duty assumed may not be obviated by the employment of a surveyor.
The occupation of land surveyor is recognized and and regulated in the state of Florida. See chapter 472, Fla. Stat., F.S.A. Section 472.01(3) generally defines land surveyor as one who resurveys or traces on the ground lines and subdivisions surveyed at a previous date by himself or other land surveyors. There is nothing in this chapter nor do we find any Florida case law indicating that the occupation of land surveyor is vested with any special considerations. Ordinarily, a land surveyor is an employee. The fact that the same work may be done by an independent contractor who hires the land surveyor as an employee does not place the work done in any special category. We therefore conclude that a seller is not always exempt from liability for breach of a contract provision simply because he passed that duty on to a land surveyor.
We hold that the trial court's reliance upon the general rule in tort cases was mistaken in this instance because it appears from the facts of this case as well as the amended complaint that as to appellee Bellman appellants sought to establish a breach of the contract of sale. A review of the deposition and the exhibits in this file does not demonstrate that such an action cannot be maintained. Therefore, the summary judgment must be reversed. See Posey v. Pensacola Tractor & Equipment Company, Fla.App. 1962, 138 So.2d 777.
Reversed and remanded.