417 So.2d 306 (1982)
FISHERMAN's PARADISE, INC., Appellant,
v.
Nancy GREENFIELD and Melvin Greenfield, Appellees.
No. 81-1980.
District Court of Appeal of Florida, Third District.
July 27, 1982.
*307 Underwood, Gillis, Karcher, Reinert & Valle and Carlos E. Casuso, and Thomas Trompeter, Miami, for appellant.
Anderson & Moss, Daniels & Hicks and Sam Daniels, Miami, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Appellee Melvin Greenfield took his ten-year-old boat to Fisherman's Paradise for refurbishing. Fisherman's Paradise subcontracted part of the work, including replacement of the refrigerator, to Endeavor Marine. During a boating trip, the refrigerator broke loose from its mounting and injured Mrs. Greenfield. The Greenfields sued both Fisherman's Paradise and Endeavor Marine. They alleged that Fisherman's Paradise was responsible for the negligent installation and included a claim predicated upon strict liability. They also charged Endeavor Marine with negligently installing the refrigerator. Upon motion, the trial court entered summary judgment against both Fisherman's Paradise and Endeavor Marine, denying the motion for summary judgment filed by Fisherman's Paradise. In this appeal, Fisherman's Paradise contends it should not be held liable for negligent acts of Endeavor Marine, because it operated as an independent contractor. Finding that genuine issues of material fact remain to be decided, we reverse the summary judgment.
According to the general rule, an employer is not liable for the negligent acts of an independent contractor because he lacks control over the manner in which the work is performed. 2 Fla.Jur.2d, Agency and Employment § 109 (1977). One of the many exceptions to the general rule, however, occurs when the employer's liability arises from the contractor's negligent performance of inherently dangerous tasks. El Shorafa v. Ruprecht, 345 So.2d 763 (Fla. 4th DCA 1977); Bialkowicz v. Pan American Condominium No. 3, Inc., 215 So.2d 767 (Fla. 3d DCA 1968), cert. denied, 222 So.2d 751 (Fla. 1969). Furthermore, an employer may not escape liability for the creation of an inherently dangerous condition (at least *308 on premises where public use is invited) unless it was not discoverable on reasonable inspection. Mai Kai, Inc. v. Colucci, 205 So.2d 291 (Fla. 1967); Slavin v. Kay, 108 So.2d 462 (Fla. 1959); Cardounel v. Shell Oil Co., 397 So.2d 328 (Fla. 3d DCA 1981), appeal dismissed, 407 So.2d 1102 (Fla. 1981); Forte Towers South, Inc. v. Hill York Sales Corp., 312 So.2d 512 (Fla. 3d DCA 1975). Non-delegable duties may result from contractual obligations. Irving v. Doctors Hospital of Lake Worth, Inc., 415 So.2d 55 (Fla. 4th DCA 1982) [7 FLW 1179]; Campbell v. Bellman, 293 So.2d 795 (Fla. 3d DCA 1974); Mills v. Krauss, 114 So.2d 817 (Fla. 2d DCA 1959), cert. denied, 119 So.2d 293 (Fla. 1960); see also Easton v. Weir, 125 So.2d 115 (Fla. 2d DCA 1960), cert. denied, 129 So.2d 141 (Fla. 1961) (landlord assumed duty to replace roof; employing an independent contractor did not absolve it of liability); 41 Am.Jur.2d, Independent Contractors § 37 (1968).
Whether Fisherman's Paradise may be held liable for Endeavor's negligent conduct under the foregoing principles is subject to a factual determination. We find no merit in the arguments presented in support of liability on other grounds. Arvida Corp. v. A.J. Industries, Inc., 370 So.2d 809 (Fla. 4th DCA 1979); see Watson v. Lucerne Machinery & Equipment, Inc., 347 So.2d 459 (Fla. 2d DCA), cert. denied, 352 So.2d 176 (Fla. 1977); Restatement, Torts 2d § 402A (1965); 72 C.J.S. Products Liability § 8 (Supp. 1975). We therefore reverse the summary judgment and remand for further proceedings.