ZEHMER, Judge.
This is an appeal from a final judgment dismissing appellant’s amended complaint with prejudice. We reverse.
The complaint alleges in a single count that appellant, CISU of Florida, Inc., leased a warehouse from appellee, Joan Porter, for storing carpets used in its business; that a covenant in the lease required Porter, as lessor, to keep the roof in good repair; that Porter contracted with a roofing company to repair the roof; and that during the course of such repairs the roof collapsed, damaging CISU’s property, for which appellant seeks damages from Porter and her insurer. After giving appellant three opportunities to amend its complaint against Porter, the trial court dismissed the action with prejudice.
The sole issue before us is whether the complaint states a cause of action against appellees. The complaint is not a model of clarity and does not clearly indicate whether appellant intended to sue in tort or in contract. At oral argument, however, appellant argued that it has sufficiently alleged a claim in contract for *1119 breach of the covenant to repair.[1] The complaint alleges the making of the lease and the lessor’s covenant to keep the roof in good repair; the undertaking by the lessor, through the services of a roofing contractor, to keep the roof in good repair; a breach of that covenant by reason of the roof collapsing during the course of repairs due either to defects in the structure or to overloading of the roof by the contractor; and resulting damages to. the lessee’s property. These are all the elements necessary to state a cause of action for breach of contract. Cf., City of Miami Beach v. Ellis, 279 So.2d 335 (Fla. 3d DCA 1973); Ralston, Inc. v. Miller, 357 So.2d 1066 (Fla. 3d DCA 1978); 34 Fla.Jur.2d, Landlord and Tenant, § 74.
Appellees contend that the trial court correctly dismissed the complaint with prejudice because appellants repeatedly refused to allege that the owner had notice of the circumstances which caused the roof to collapse. They contend that an owner of property will not be liable for negligence of an independent contractor in making repairs or for latent defects created by the independent contractor if the condition was not known or discoverable by the owner, relying primarily upon Slavin v. Kay, 108 So.2d 462 (Fla.1959), Mai Kai, Inc. v. Coined, 205 So.2d 291 (Fla.1968), and other decisions involving actions based on negligence. Appellees argue that an owner’s liability for damages to another is not liability without fault, Green Springs, Inc. v. Calvera, 239 So.2d 264 (Fla.1970), and that Porter could not be held liable in the absence of allegations that she personally failed to use due care in connection with the roof repairs. But none of the cases cited by appellees involved liability premised on breach of a contractual duty owed by the defendant owner to the plaintiff; rather, the defendant owner was sued for breaching the common law duty to exercise reasonable care. These decisions are simply not applicable to the complaint here in question because appellants have not sued for negligence but for breach of contract.
Appellees conceded at oral argument that if Porter herself had been repairing the roof when the alleged damage occurred, she would have been liable. The fact that the roof collapsed while Porter was performing her contractual duty through an independent roofing contractor does not insulate Porter from liability; if a lessor agrees with its lessee to keep a roof in good repair, the lessor.is said to have created a contractual duty which cannot be delgated to an independent contractor. Mills v. Krauss, 114 So.2d 817 (Fla. 2d DCA 1959), cert. denied, 119 So.2d 293 (Fla.1960). Cf. Easton v. Weir, 125 So.2d 115 (Fla. 2d DCA 1960); Irving v. Doctors Hospital of Lake Worth, Inc., 415 So.2d 55, 59-60 (Fla. 4th DCA 1982); Levitz Furniture Co. v. Continental Equities, 411 So.2d 221 (Fla. 3d DCA 1982).[2] We hold, therefore, that appellant’s amended complaint was sufficient to state a cause of action for breach of contract. We venture no opinion on ultimate liability as that determination must await consideration of plaintiffs’ proof and any affirmative defenses asserted by defendant.
Accordingly, the judgment is reversed and the case is remanded for further proceedings.
REVERSED and REMANDED.
SHIVERS and THOMPSON, JJ., concur.

. We do not, therefore, decide whether the complaint is sufficient to allege a cause of action against Porter for negligence.

. In Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676, 679 (Fla. 3d DCA 1980), the court observed:
Holding a particular undertaking to be non-delegable means that responsibility, i.e., ultimate liability, for the proper performance of that undertaking may not be delegated. The term nondelegable does not preclude delegation of the actual performance of the task. ‘Nondelegable’ applies to the liabilities arising from the delegated duties if breached. Accord Restatement (Second) of Agency § 214 and Ch. 14 Title C. Introductory Note (1958); see Mills v. Krauss, 114 So.2d 817, 819 (Fla. 2d DCA 1959), cert, denied 119 So.2d 293 (Fla. 1960).