502 So.2d 969 (1987)
CITY OF CORAL GABLES, Appellant,
v.
Gabriel PRATS and Maria L. Prats, His Wife, Appellees.
No. 85-2634.
District Court of Appeal of Florida, Third District.
February 10, 1987.
Rehearing Denied March 17, 1987.
*970 Kimbrell & Hamann and Lourdes F. La Paz, Miami, for appellant.
Fine, Jacobson, Schwartz, Nash, Block & England, and Kevin Emas and Henry Latimer, Miami, for appellees.
Before HUBBART, BASKIN and PEARSON, JJ.
BASKIN, Judge.
The City of Coral Gables [City] challenges an adverse final judgment entered in favor of Gabriel Prats and his wife, Maria Prats, following a jury trial. On March 21, 1983, Mr. Prats sustained injuries when he tripped on the bent leg of a protruding barricade. The barricade had been placed by Marks Brothers Company [Marks], an independent contractor employed by the City to make street improvements for the beautification of Miracle Mile. Because the streets were owned by the State of Florida and maintained by the Department of Transportation [DOT], the City obtained a special permit from DOT for a temporary right-of-way during construction. The "Highway Landscaping Memorandum of Agreement" between the City and DOT required the City to "maintain all sidewalks in good repair and in a manner that pedestrian traffic can move about without any trip and fall hazards." Marks agreed to maintain all barricades and to exercise precautions for the safety of pedestrians.
Mr. Prats filed an action against the City to recover damages for his injuries; his wife sought damages for loss of consortium. The City then filed a third-party action against Marks for indemnification, obtaining a default judgment against the contractor. During trial of the Prats' claims, the City cited Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983), to support its contention that it was not liable to appellees for the negligence of Marks because Marks was an independent contractor. The trial court rejected Coudry's applicability and ruled that the City had a nondelegable duty to maintain the sidewalk. Based on that ruling, the court prohibited the City's counsel from arguing to the jury that the City was not liable for the negligence of an independent contractor, *971 denied the City's motions for a directed verdict, and refused the City's proffered jury instructions.
The jury found Mr. Prats thirty-seven percent negligent and the City sixty-three percent negligent. It awarded Mr. Prats $152,000 and Mrs. Prats $30,000. In accordance with the verdict interrogatory returned by the jury, the court reduced Mr. Prats' award by the amount attributable to his comparative negligence; however, the court did not make a comparable reduction of Mrs. Prats' derivative award. After the court entered judgment pursuant to the verdict, the City moved for a new trial and sought reduction of Mrs. Prats' award by the amount attributable to Mr. Prats' negligence. When it failed to obtain relief, the City appealed.
The City challenges the trial court's ruling that the City's duty was nondelegable, arguing that it may not be held liable for the negligence of an independent contractor. Appellees respond that the City assumed a nondelegable duty to maintain the streets and sidewalks in a safe manner when it entered into the agreement with DOT and that its liability stems from that agreement. We agree with appellees.
Although it is well-settled that an employer may not be held liable for the negligence of an independent contractor, Fisherman's Paradise, Inc. v. Greenfield, 417 So.2d 306 (Fla. 3d DCA 1982); Webb v. Priest, 413 So.2d 43, 47 n. 2 (Fla. 3d DCA 1982); Smith v. United States, 497 F.2d 500 (5th Cir.1974), the general rule is riddled with numerous exceptions, see generally W. Prosser & W. Keeton, Torts § 71 (5th ed. 1984). The exception applicable to the case before us occurs when, as here, an employer operates under a contract which creates nondelegable duties. Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla. 1986); Fisherman's Paradise; Levitz Furniture Co. v. Continental Equities, Inc., 411 So.2d 221 (Fla. 3d DCA), review denied, 419 So.2d 1196 (Fla. 1982); Campbell v. Bellman, 293 So.2d 795 (Fla. 3d DCA 1974); Mills v. Krauss, 114 So.2d 817 (Fla. 2d DCA 1959), cert. denied, 119 So.2d 293 (Fla. 1960). The contract between the City and DOT expressly imposed on the City a nondelegable duty to protect the public from any "trip and fall" hazards during construction, and thus, the City remained liable even though it delegated performance of the contract to an independent contractor. See Atlantic Coast Dev. Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980) (the term "nondelegable" encompasses delegation of performance, not liability).
The City's assertion that appellees are not entitled to rely on the DOT contract as a basis for recovery because they are not parties to the contract lacks merit. As a general rule, contractual privity is not a prerequisite to maintaining a tort action. A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973); Navajo Circle, Inc. v. Development Concepts Corp., 373 So.2d 689 (Fla. 2d DCA 1979); Gallichio v. Corporate Group Serv., Inc., 227 So.2d 519 (Fla. 3d DCA 1969).
In our view, Coudry is factually distinguishable and inapposite. In Coudry, the city of Titusville entered into a contract with an independent contractor for improvements to drains and sewers. The plaintiff was injured when her car slid into an unprotected ditch. The city of Titusville, unlike the City of Coral Gables, had not expressly agreed by contract to assume the duty of maintaining the streets in such a manner that pedestrian traffic could move safely during construction. Titusville's duty arose under common law by virtue of its ownership of the streets. The City of Coral Gables, however, did not own the street or sidewalk at the site of the incident; its liability stemmed from the express language of its contract with DOT. Thus, the trial court correctly declined to follow Coudry and appropriately ruled that the City had a nondelegable duty. We affirm, holding that the City's contract with DOT imposed on the City the nondelegable duty to use reasonable care to maintain the sidewalks in a safe manner during the construction.
*972 We turn now to the City's claim that the judgment is erroneous because the trial court failed to reduce Mrs. Prats' derivative award by the amount of Mr. Prats' comparative negligence. Appellees maintain that the City invited the error of which it now complains when it submitted the interrogatory verdict to the trial court. See Bould v. Touchette, 349 So.2d 1181 (Fla. 1977); Keller Industries, Inc. v. Morgart, 412 So.2d 950 (Fla. 5th DCA 1982). We disagree with appellees. The jury complied with the instructions provided in the interrogatory verdict and determined the "total amount of damages" for the claims of both Mr. and Mrs. Prats. Thus, no error appeared in the jury verdict; however, the trial judge erred when he failed to reduce Mrs. Prats' consortium claim by the amount the jury found attributable to Mr. Prat's negligence. Mrs. Prats' loss of consortium claim is derivative: her claim exists only in relation to her husband's claim, Gates v. Foley, 247 So.2d 40 (Fla. 1971); Hamm v. City of Milton, 358 So.2d 121 (Fla. 1st DCA 1978), and she is not entitled to obtain a greater recovery than her husband received. The other points raised by appellees regarding Mrs. Prats' loss of consortium claim lack merit. We therefore reverse that portion of the final judgment addressing Mrs. Prats' claim and remand to the trial court with directions to reduce her award by the portion attributable to her husband's comparative negligence.
Affirmed in part, reversed in part, and remanded with instructions.
PEARSON, Judge, specially concurring.
I entirely agree that the error of the trial court's refusal to reduce Mrs. Prats' derivative award by the amount of her husband's comparative negligence was not invited when the City submitted to the court a special interrogatory verdict for the jury to answer. Because I suspect the Pratses' "invited error" argument may rear its head in other cases, I think it deserves more extended discussion.
As has been stated, the jury's answers to the special interrogatory verdict included a finding that Mr. Prats' negligence was a 37 percent legal cause of his damages, and, elsewhere, an award of $30,000 to Mrs. Prats on her derivative claim. The law is clear that Mrs. Prats may recover on her derivative claim only to the extent her husband may recover. Gates v. Foley, 247 So.2d 40 (Fla. 1971). Ordinarily, then, it would be undisputed that the 37 percent comparative negligence of Mr. Prats (the physically injured spouse) would operate to concomitantly reduce Mrs. Prats' award. Hamm v. City of Milton, 358 So.2d 121 (Fla. 1st DCA 1978).
In the present case, however, the Pratses argued that because the special interrogatory verdict was prepared and submitted by the City, it may not complain of any error its submission might have produced. It is true, of course, as Bould v. Touchette, 349 So.2d 1181, and numerous other cases hold, that a party cannot urge as error on appeal that which it has invited below.
According to the Pratses, the error invited by the special interrogatory verdict is that, although the form advised the jury that the trial court would reduce the amount of damages awarded to Mr. Prats by any comparative negligence attributed to him, the form did not advise the jury that the trial court would similarly reduce the amount of damages the jury awarded to Mrs. Prats.[1] Consequently, say the Pratses:

*973 "it is reasonable to assume that the jurors, in arriving at an award for GABRIEL PRATS, took into consideration the fact that the award would be reduced by the percentage of comparative negligence which they attributed to GABRIEL PRATS. Because they were not informed that an [sic] proportionate reduction would be made to their award to MARIA PRATS, the jury obviously did not consider this issue when determining the amount of damages to be awarded to MARIA PRATS. Had they known that MARIA PRATS' award would be reduced by the percentage of GABRIEL PRATS' comparative negligence, they might well have awarded a higher amount to MARIA PRATS."
The fallacy of the Pratses' argument is that it assumes that the jury is legally permitted to  and indeed will  disobey the trial court's instructions despite the legal presumption to the contrary, see, e.g., Valle v. State, 474 So.2d 796 (Fla. 1985); Ulloa v. State, 486 So.2d 1373 (Fla. 3d DCA 1986). The special interrogatory verdict and the corresponding instructions simply told the jury to assess the damages incurred by Mr. Prats and Mrs. Prats. While the jury was separately instructed not to reduce Mr. Prats' damages because of his negligence, the failure to so instruct the jury in the case of Mrs. Prats does not mean either that the uninstructed jury irresponsibly reduced her actual damages by the percentage of Mr. Prats' comparative negligence or would have wrongfully inflated her actual damages to accommodate Mr. Prats' comparative negligence. The jury is presumed to have followed the court's instructions. Those instructions told the jury to determine the total amount of damages due to Mrs. Prats. Had the jury been instructed that the court was going to reduce the amount awarded by the percentage of Mr. Prats' negligence, and, taking that into account, awarded more than its actual damage assessment, it would have acted wrongfully. Therefore, indulging the presumption that when the jury was told to assess Mrs. Prats' damages, it did that and nothing else, the trial court must now reduce that award by the percentage of Mr. Prats' negligence. If the Pratses were concerned that the jury might disobey the court's instructions, then they could have requested that the jury be instructed not to reduce Mrs. Prats' damages by Mr. Prats' negligence because the trial court would later do so. Having made no such request, it is they who should not be heard to complain.
NOTES
[1] In pertinent part, the special interrogatory verdict returned by the jury recited:

"3. State the percentage of negligence which was the legal cause of damage to Plaintiff, GABRIEL PRATS, that you charge to:
"Defendant, CORAL GABLES 63%
"Plaintiff, GABRIEL PRATS 37%
"The total must be 100%. Please answer question No. 4.
"4. What is the total amount (100%) of any damages sustained by Plaintiff, GABRIEL PRATS, and caused by the incident in question? Total Damages of GABRIEL PRATS: $152,000
"In determining the total amount of damages, do not make any reductions because of the negligence, if any, of Plaintiff, GABRIEL PRATS. If you have found GABRIEL PRATS negligent in any degree, the Court in entering judgment will reduce Gabriel Prats' total amount of damages (100%) by the percentage of negligence which you found is chargeable to GABRIEL PRATS.
"Please answer question No. 5.
"5. What is the total amount of damages sustained by plaintiff, MARIA L. PRATS, on her claim for loss of consortium?
"$30,000"