565 So.2d 817 (1990)
Gregory F. MOORE, et Ux., Appellants,
v.
PRC ENGINEERING, INC., et al., Appellees.
No. 89-0693.
District Court of Appeal of Florida, Fourth District.
August 1, 1990.
Rehearing Denied September 11, 1990.
*818 Arnold R. Ginsberg of Horton, Perse & Ginsberg and Samuel M. Spatzer, P.A., Miami, for appellants.
J. Phillips Landsman and Emilie M. Tracy of Platt, Haas, Landsman, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
Appellants-plaintiffs appeal from a summary final judgment entered in favor of the appellees-defendants, an engineering firm and its agent, in a cause of action brought by an employee of the general contractor, who was injured on a construction job. The parties both agree that how the accident happened is immaterial to proper resolution of this appeal. Rather, the issue on appeal is whether an engineering firm hired as consulting engineer of a road project by a state agency responsible for construction of roadways and toll facilities, owed a duty to the plaintiffs to institute, maintain, and inspect safety procedures at the construction site, and may be held liable for injuries suffered by the plaintiffs resulting from defendants' negligent performance of its duties.
In entering summary final judgment in favor of the appellee the trial judge found no such duty existed as a matter of law. We find under the circumstances here, a contractual duty does exist and hereby reverse entry of the summary final judgment.
The Broward County Expressway Authority (BCEA) was the state agency responsible for directing construction of the roadways and toll facilities of the Sawgrass Expressway, including construction of a toll booth exchange at Sunrise Boulevard in Broward County. BCEA entered into a contract with appellants-defendants/PRC Engineering, Inc. (PRC) to provide engineering services to build the expressway and the Sunrise toll booth exchange and toll booth building. PRC contracted and agreed to act as the general consultant for the overall project and be responsible for monitoring, inspection, testing, and observation and insurance of the quality of the work at the toll booth facility. Appellee-defendant Om Bhola was a supervising engineer in the employ of PRC who was responsible for inspection, testing, observation and supervision of the work at the Sunrise *819 toll booth exchange. BCEA also entered into a contract with Archer Western, Inc. (AW), the general contractor on the job. Appellant-plaintiff, Gregory Moore, was an employee of AW.
At the time of the accident which is the subject of this cause of action, the plaintiff was standing on a beam or I-brow placed on the toll booth exchange. The plaintiff was injured when the I-brow collapsed and fell causing him to fall to the ground and suffer injuries from concrete debris which had fallen on him.
The plaintiff, Gregory Moore, brought suit against the defendant engineers among others, for the personal injuries he suffered as the result of the fall from the beam. The second amended complaint alleged negligent supervision against PRC and negligence in performing its function as engineer for the project. It likewise alleged negligence against Om Bhola as the supervising engineer. The contract between BCEA and PRC and an additional contract between BCEA and AW were filed with and considered by the trial court in making its ruling.
In its summary final judgment the trial court found that the contracts and other documents considered by the court indicated that the "the sole responsibility for assuring safety on the job-site during the construction of the Sunrise Boulevard Toll Plaza rested with AW and not with PRC nor Om Bhola." Additionally, the trial court determined that the absence of any duty owed to the plaintiffs prohibited recovery against PRC and Om Bhola, as a matter of law.
Pursuant to the terms of the contract between BEAC and PRC, PRC had among its responsibilities and obligations the following:
4.1 It shall be the sole responsibility and obligation of the GENERAL CONSULTANT to monitor, surveil, coordinate with, and to guide compliance of all other Consultants with respect to their compliance with the time schedules, work performance quality and level contracted for with the AUTHORITY.
Furthermore, according to Paragraph 1.8 of the construction contract between BCEA and the general contractor, AW, the Engineer is defined as "[t]he consulting organization retained or designated by the AUTHORITY to provide construction surveillance and administration for this segment of the project." Paragraph 8.4 of the contract provided that the responsibilities and obligations of the Engineer included the following:
The ENGINEER will appoint such inspectors as are necessary to observe the amount, quality and character of the materials to be supplied or to inspect the execution of the work contemplated under this Contract. When in the judgement of the inspectors, the work or materials are being furnished in a manner considered hazardous to persons or property they shall have the power to stop the work, which shall not be resumed until the ENGINEER has rendered his decision upon the matter. The provision of this clause shall not relieve the CONTRACTOR for the sole responsibility of any injury or damage that may result.
According to the terms of these provisions, PRC had a contractual duty to control, monitor, guide and inspect the work as it was being completed and to see that the job was done safely. Additionally, at the summary judgment hearing, appellants presented expert evidence of PRC's duties and obligations under the terms of the contracts. A professional engineer, Ronald Zollo, attested to the following:
a. That PRC had the duty by virtue of contracts and by virtue of their conduct to and did provide inspection services, routine, regular and ongoing inspection services, surveillance services and duties relative to the construction of the Sunrise Toll Plaza.
b. Said services and duties among other things required PRC to inspect for, be aware of and identify hazardous methods of work, hazardous methods of construction, unsafe and unsuitable appliances, unsafe construction and building practices, unsafe and hazardous work performed by the general contractor or any other contractors, identify careless, incompetent *820 or objectionable work materials performed or used on the job site, identify and state unsafe structures; unsafe products, and to regularly and routinely observe the operations of the contractor and to further identify unsatisfactory contractor performance.
c. Furthermore, PRC had the duty and obligation to correct and act upon said unsafe working products as stated above.
d. PRC upon identification and recognition of said unsafe practices, work or product, had the further duty to insure that said unsafe work practices or hazardous conditions were corrected, stopped and/or discontinued.
e. The Defendant, PRC, had a duty to insure that proper and safe products, work and workmanship were performed at the job site... .
o. Based on a review of the depositions and documents, PRC had a duty of safety with regard to Greg Moore.
p. It is my further opinion based on industry custom and practices that PRC had a duty of safety with regard to Greg Moore.
It is clear from the terms of the contract and the affidavit offered into evidence that PRC's engineering and inspection duties encompassed a duty to ensure that each step of the construction was completed in a safe manner. PRC and its agent, as consulting engineer may be liable for negligence in supervising construction resulting in personal injuries notwithstanding the absence of privity between the engineer and the injured person. Geer v. Bennett, 237 So.2d 311 (Fla. 4th DCA 1970); Conklin v. Cohen, 287 So.2d 56 (Fla. 1973). The trial court, therefore, erred in finding that the appellees were present at the job-site merely to ensure that the owner received what was contracted for and consequently owed no legal duty to the appellants. Consequently, there certainly are material issues of fact as to whether PRC and Om Bhola breached the duties imposed upon them under the terms of the contract, particularly as the provisions relate to the taking of positive steps to insure the safety of workmen during the construction of the toll booth facilities. Cf. Geer supra.
Accordingly, the summary final judgment appealed herein is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
WALDEN, STONE and WARNER, JJ., concur.