FARMER, Judge.
We disagree with the trial court’s implicit conclusion that triable issues were not shown, and thus we reverse the summary judgment.
Appellant, a plumber working on a newly constructed building, was injured when he walked outside on the ground floor and was struck by an object falling from above. Evidence in the record shows that concrete cores drilled by Dolphin (working under an unauthorized subcontract with Am-Sprad) were strewn about “all over the buildings, stairs, landings, and balconies, which sat for extended periods of time.” White testified that when he picked himself up after the blow, he saw on the ground in front of him several concrete cores.
We think that a jury might reasonably have found that Dolphin was negligent in leaving the cores all around, that a core so left on an upper floor was thrown or pushed over the side by another worker on the job site, and that Dolphin’s negligence proximately caused or contributed to White’s injuries. We certainly think that White was entitled to offer evidence of the above to a jury, rather than have his claim summarily' adjudicated.
We also do not believe that Am-Sprad could avoid its duty of care by unautho-rizedly, and without the general contractor’s knowledge, subcontracting with Dolphin to perform its contract with the general contractor. Appellees have not succéss-fully distinguished Navajo Circle, Inc. v. Development Concepts Corp., 373 So.2d 689 (Fla. 2d DCA 1979) (lack of privity between plaintiff and defendant does not extinguish plaintiff’s tort claim); City of Coral Gables v. Prats, 502 So.2d 969 (Fla. 3d DCA), rev. denied, 511 So.2d 297 (Fla.1987) (city’s contract with subcontractor did not relieve city of nondelegable duty to protect public from hazards during construction); and our own decision in Moore v. PRC Engineering, Inc., 565 So.2d 817 (Fla. 4th DCA 1990) (record showed materi *771 al issue of fact, precluding summary judgment, as to whether defendant was negligent in failing to maintain and inspect safety procedures at job site resulting in injuries to construction worker).
We reverse and remand for a trial so that a jury can determine the facts.
DOWNEY, J., concurs.
GUNTHER, J., dissenting with opinion.