615 So.2d 862 (1993)
Ardiel CARRASQUILLO, Appellant,
v.
HOLIDAY CARPET SERVICE, INC., Appellee.
Nos. 90-2390, 90-2598.
District Court of Appeal of Florida, Third District.
March 23, 1993.
Hicks, Anderson & Blum and Robert S. Glazier and Gary A. Magnarini, Miami, and Alyssa Reiter, Fort Lauderdale, Miller, Selig & Kelley, Michael Seth Cohen, Miami, for appellant.
Corlett, Killian, Ober & Levi and Love Phipps, Miami, for appellee.
Before NESBITT, JORGENSON and COPE, JJ.

Corrected Opinion
PER CURIAM.
Claimant appeals from a summary final judgment entered in favor of a carpet installation service. For the following reasons, we affirm.
Ardiel Carrasquillo was employed by the Grand Bay Hotel. He alleges that he tripped and fell over a bulge in a hotel carpet which had recently been installed by an installer employed by Holiday Carpet Service, Inc. (Holiday), under an agreement with Grand Bay. Carrasquillo claims he suffered substantial injury as a result of the fall.
Holiday moved for summary judgment relying on the rule that Holiday, as general contractor, lacked control over the subcontractor who actually installed the carpet. Fisherman's Paradise, Inc. v. Greenfield, 417 So.2d 306, 307 (Fla. 3d DCA 1982) (citing 2 Fla.Jur.2d Agency and Employment § 109 (1977)) (general rule is that an employer is not liable for the negligent acts of an independent contractor, because by the nature of the relationship, the employer lacks control over the manner in which the work is performed). The trial court granted summary judgment in Holiday's favor.
Carrasquillo made two arguments below in opposition to Holiday's motion for summary judgment. First, Carrasquillo argued that Holiday's duties relating to the carpet installation were nondelegable. Second, Carrasquillo argued alternatively that the installers were employees of Holiday, not independent contractors. These are also the only arguments which were set forth in Carrasquillo's motion for rehearing after the motion for summary judgment was granted. On appeal, Carrasquillo's initial brief argued those same two points. For the first time, in his reply brief, Carrasquillo raised the question of whether Holiday was affirmatively negligent.
First, we find neither of the points raised below, and again argued in appellant's initial brief, to be meritorious. The facts clearly establish that the installers were independent contractors. Likewise, Holiday owed no nondelegable duty to Carrasquillo. *863 As stated above, Florida follows the general rule that the "employer" of an independent contractor is not liable for the negligence of the independent contractor. Fisherman's Paradise, 417 So.2d at 307; see Fla.Std. Jury Instr. (Civ) 3.3b; Restatement (Second) of Torts § 409. There are recognized exceptions to this general rule, one being where defendant has a nondelegable duty. § 409 (comment) §§ 416-426. As characterized by the Restatement, a nondelegable duty arises in situations in which for policy reasons the employer is not permitted to shift the responsibility for the proper conduct of the work to the contractor. Where there is a nondelegable duty, the employer is vicariously liable "for the negligence of the independent contractor, irrespective of whether the employer has himself been at fault." Restatement (Second) of Torts § 416 (Introductory note). While a nondelegable duty may arise from a contractual obligation, as claimed in the instant case, the mere fact that there is a contract does not create a nondelegable duty vis-a-vis third persons.
Carrasquillo cites Mills v. Krauss, 114 So.2d 817 (Fla. 2d DCA 1959), cert. denied, 119 So.2d 293 (Fla. 1960) to support his position that the contract between Grand Bay and Holiday created a nondelegable duty upon which Carrasquillo could seek recovery from Holiday. In Mills, the court held that where a general contractor entered into a contract with the owner of a hotel to do certain repair work, the duty of the general contractor to use due care in performing the repairs was a nondelegable duty owed to the hotel owner which could not be committed to an independent subcontractor, and the general contractor was responsible for the subcontractor's failure to use due care. Mills does not stand for the proposition that liability for breach of contractual duties automatically forms the basis of recovery in tort by parties not related to the contract, and Carrasquillo cannot recover from Holiday on that basis. As the decision in Mai Kai, Inc. v. Colucci, 205 So.2d 291 (Fla. 1967) makes clear, the mere existence of a contract does not create vicarious liability as to third persons for the negligent acts of the independent contractor. There must be a nondelegable duty, which has not been shown to exist here.
Carrasquillo's third point, the issue of affirmative negligence, was not raised until Carrasquillo's reply brief, and therefore, we cannot consider this third argument. See Mestre Rental Co. v. Resources Recovery (Dade County), Inc., 568 So.2d 1344 (Fla. 3d DCA 1990) (matter raised for the first time in appellant's reply brief could not be considered on appeal); Rolling Oaks Homeowner's Ass'n, Inc. v. Dade County, 492 So.2d 686 (Fla. 3d DCA 1986), review denied, 503 So.2d 328 (Fla. 1987); Zerwal v. State Farm Mut. Auto Ins. Co., 332 So.2d 645, 646 (Fla. 3d DCA 1976); St. Regis Paper Co. v. Hill, 198 So.2d 365, 366 (Fla. 1st DCA 1967); Pursell v. Sumter Elec. Co-op, Inc., 169 So.2d 515, 518 n. 2 (Fla. 2d DCA 1964).
Accordingly, the final judgment in Holiday's favor is affirmed.