692 So.2d 939 (1997)
Conni GORDON, Appellant,
v.
Willie SANDERS, et al., Appellees.
No. 96-1636.
District Court of Appeal of Florida, Third District.
April 9, 1997.
Rehearing Denied May 21, 1997.
*940 Weintraub, Weintraub, Seiden & Orsham and Eliot R. Weitzman, Miami, for appellant.
Lynne K. Hennessey, Boca Raton, Allen D. Fuller, Coconut Grove, and Rodolfo Suarez, Jr., for appellees.
Before GODERICH and FLETCHER, JJ., and BARKDULL, Senior Judge.
FLETCHER, Judge.
Conni Gordon appeals final judgments (including judgments for attorney's fees) entered in favor of appellees Willie Sanders and James Trent in a breach of oral contract action. Finding that the trial court erred in directing verdicts in favor of Sanders and Trent rather than submitting the case to the jury, we reverse and remand for a new trial.
According to Gordon's second amended complaint and her trial testimony, she entered into an oral contract with Sanders and Trent for the removal from her property of three trees damaged by Hurricane Andrew. On the day after the contract was entered into, Gordon arose from sleep to find three strangers (retained by Sanders and Trent) working on removing the trees. After two of the trees were removed without incident, leaving one very large Australian pine to be removed, Sanders and Trent returned to Gordon's home and were paid one-half of the agreed price.
The following day city workers[1] placed barricades around Gordon's property, Gordon and her neighbors were told to leave their houses and move their cars, and police officers arrivedall apparently as a precaution against injury caused by any mishap that might occur during the removal of the third and final tree. A crowd of interested spectators, including Sanders and Trent, gathered to observe the three workers in their removal efforts. As fate would have it, the removal went awry and the tree fell on the roof of Gordon's house, causing considerable damage.
Gordon ultimately brought suit against Sanders and Trent for breach of oral contract. Their defense was that the workers who actually did the tree removal were independent contractors, therefore Sanders and Trent were not liable for the workers' negligence. Although not pled, the theory on which the case was ultimately tried was that Sanders and Trent breached the contract by hiring negligent subcontractors to perform Sanders' and Trent's nondelegable duty to perform properly the inherently dangerous *941 activity of removal of the large Australian pine tree. At the close of Gordon's case, Sanders and Trent moved for directed verdicts. The trial court heard argument on the motions and ruled that there was insufficient evidence to go to the jury on the issues of nondelegable duty and inherently dangerous activity. The trial court granted the motions for directed verdict,[2] and later entered judgments for Sanders and Trent based on the directed verdicts.
The law recognizes a wide variety of exceptions to the "independent contractor rule," including situations where the contractual duties are determined to be nondelegable. As we stated in City of Coral Gables v. Prats, 502 So.2d 969, 971 (Fla. 3d DCA), rev. denied, 511 So.2d 297 (Fla.1987):
"Although it is well-settled that an employer may not be held liable for the negligence of an independent contractor, the general rule is riddled with exceptions. The exception applicable to the case before us occurs when, as here, an employer operates under a contract which creates nondelegable duties." (citations omitted).
The evidence in this record is sufficient to go to the jury on an exception for nondelegable duties, specifically the principle that one who undertakes by contract to do for another a given thing cannot excuse himself to the other for a faulty performance by showing that he hired someone else to perform the task and that other person was the one at fault. Mills v. Krauss, 114 So.2d 817 (Fla. 2d DCA 1959), cert. denied, 119 So.2d 293 (Fla.1960). In other words, where the contracting party makes it her or his duty to perform a task, that party cannot escape liability for the damage caused to the other contracting party by the negligence of independent contractors hired to carry out the task. The record reflects sufficient evidence to go to the jury for its determination on this principle.
The appellant urges a second exception which relates to those contracts in which the duty to be performed is inherently dangerous; that is, if the undertaking of the independent contractor is of such a nature that in the ordinary course of events its performance would probably (not merely possibly) cause injury if proper precautions are not taken, then the employer is liable for the injury resulting from the independent contractor's negligence. Doak v. Green, 677 So.2d 301 (Fla. 1st DCA 1996). The injuries involved in this exception, however, are to third persons, and not to the contracting party. The contracting party's injuries are covered by the first exception to the "riddled rule," thus on remand there is no need to determine whether the duty to be performed is inherently dangerous. It is enough that the injury occurred to the contracting party because of the negligence of the independent contractors hired by the other contracting party.
We reverse the final judgments on appeal (including those relating to attorney's fees) and remand for a new trial in accordance with this opinion.
Reversed and remanded.
NOTES
[1] Sanders and Trent were, in some fashion not relevant here, involved with the post-Andrew clean-up by the City of Miami Beach.
[2] The trial continued as to the other defendants (the actual workers who had attempted to remove the gone-astray tree) and jury verdicts were ultimately entered against them.