SCHWARTZ, Chief Judge
(dissenting in part).
I too would reverse, but for entry of summary judgment on liability in favor of the appellant. In my view, the appellee landlord is liable as a matter of law under paragraph twelve of the lease for the damage to its tenant’s sets, props, and costumes caused when it activated its deluge sprinkler system.[1] The fact stressed by the Concert Association that the sprinkler was, although at its direction, actually *1160 turned on by an employee of another company, has no effect upon its own contractual liability for the damage in question. See Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla.1986); Mills v. Krauss, 114 So.2d 817 (Fla. 2d DCA 1959), cert. denied, 119 So.2d 293 (Fla.1960).

. A handwritten portion of paragraph twelve states:
Licensor [appellee] shall not disturb, move or alter licensees [sic][appellant’s] sets, props or costumes, etc., and assumes liability for any damage done to same or for loss of income due to such damage, [sic] If such damage occurs during periods of- use by entities other than C.R. Productions, [e.s.]
On the other hand, the allegedly contrary provisions of paragraphs 16, 19 and 29 of the lease cited by the landlord, have no application to the present claim.